IIempiiiuTj, Cii. J.
This cause has been argued with great ability, and it. is to be regretted that at this late day of the session the subject so luminously discussed can receive comparatively but a slight examination. The only doubt, if doubt can exist at all, is whether judgment should not have been against the-plaintiff, and that the property be vested in the defendant. That a married woman holds her property by as high, as full, and as perfect a title as does her husband his separate property, is a proposition not to be questioned; and if the law has placed restrictions upon her power of disposition of such property, and has required her to undergo a privy examination before a public officer in order to validate her conveyance, the restriction is for her benefit, and proceeds upon the ground that, as the.husband is the head of the family, and she is placed in many respects under his control, there is danger that her act, in the execution of the conveyance, may not be altogether voluntary, but may be induced by coercion on the part of the husband.' To shield the wife the law requires that, in the conveyance of her property, she must, privily and apart from her husband, acknowledge that the conveyance was her act; that she hail willingly signed, sealed, aud delivered the same, and that she wished not to retract it; and this being done, it is declared by the statute that the deed shall pass all the right, title, and interest which the husband or the wife may have in the property conveyed. Some acknowledgment of this kind from a married woman, on conveyance of her property, is required in England and in all of the United States under the control of common-law jurisprudence. But in none of the States but Texas does any such provision extend to all of her property, or to the separate property of the wife held under marriage settlements or other deeds of trust. In relation to this she is considered in England and in some, perhaps most, of the Slates, as possessing the powers and capacities of a. feme sole, while in others she is restricted in her transfers and control over such property to the specific mode pointed out by the deed or instrument by which it was vested in her.
The statute which prescribes the mode of conveying the wife’s property does not expressly declare absolutely void any other mode of conveyance. It seems from its terms to have had but one object in view, and that was to secure the freedom of will and action on the part of the married woman. If she was free to act and so declared it, and that she did not wish to retract, all the circumstances concurred which were made necessary by the law to pass her title to the property.
Now, although there was no privy examination in this case, yet the facts show that there was the most perfect freedom on the part of the wife; that in fact she was the principal actor; that she not only assented to the conveyance at the time of its execution, but that she always, up to the time of' her death, remained satisfied with her act, and did at no time wish to retract. Under this state of the facts the defendant might contend that he was equitably entitled to a decree carrying into effect an agreement which she had voluntarily made and continuously assented to until the moment of her death, and. *208 especially if the rescission of the contract would be greatly to his detriment, and ho could not be placed in the condition in which lie would have been had no such transaction taken place.
But the case for the defendant stands on much higher and stronger grounds. The debt was incurred altogether for the benefit, the preservation in fact, of the separate estate of the wife. It was a charge, then, exclusively upon that estate. No question can arise in this case in relation to the liabilities of the husband. He was at the accrual of the debt, and continued over afterwards to be, notoriously insolvent; and even if he were solvent, yet the private property of each partner in the matrimonial union must, as a general rule, bear its own charges and expenses.
The debt, for the part payment of which the negro was sold, being, then, chargeable exclusively upon the separate estate of the wife, she had a right t.o discharge it out of either the corpus or profits of said estate. She might have been sued for its recovery, and on judgment the decree would have been that the execution be levied on her separate property. On proper application this might bo restrained to the proceeds first, and if'they were insufficient, then to be'leviod on the corpus of the property; but without specific directions the levy would be made and carried into effect, on the property of the wife, in the same mode in which executions against property arc usually enforced. If she could bo sued and forced out of her property to discharge this debt, what should prevent her from its voluntary payment, and from alienating- a portion of her properly for that purpose, if such mode of payment be deemed by her advisable? The proof in this case is that the negro was sold at his value, and there cannot be a shadow of pretence that any imposition was practiced upon the wife.
We have stated that the rule in England and in some of the States is, that property conveyed for the separate use of a married woman may be disposed of (if she bo not restricted exclusively to some special mode] by her as if she were a feme sole. The only question is as to her intention to convey or charge her estate. If this be clear, her act is valid and binding, and even in those States where it is held that she is limited to the mode prescribed in the instrument creating the estate; yet this restriction disables her only from charging her estate merely by her own act, without an examination into the necessity and propriety of such charge by a court of equity. If the charge bo necessary and proper it will be sustained, and must be satisfied out of such estate. (1 Hill’s Chan. Rep., 1; 1 Strobh. Eq., 27; Cartwright v. Hollis, 5 Tex. R., 152.)
The defendant, then, in this case, has fully shown all the facts and circumstances which entitle him to a complete conveyance. He has shown not only the assent of the wife and the consent of the husband, and her intention anil wishes not to retract the act of conveyance, but he has further shown that the debt was incurred for and was justly chargeable upon her separate property; that it was a necessary charge, and that its payment by transfer of the property was voluntarily made. These facts bring the case within the control of a principle laid down in a case recently decided at the Galveston Term, to the effect that the want of a formality in the execution of a deed of conveyance, a seal, for instance, would not exclude the instrument from being offered as evidence of the intention of the parties, but would only impose upon the claimant the necessity of proving all the facts which would entitle him to a conveyance, and that the paper, with such proof, would be sufficient title to support an action or maintain a defense.
Let us present another view of this ease. If the conveyance be, as contended, absolutely void, it is not binding on either party. Let us suppose that the debt, before the bar of the statute was completed, had been paid by sale of a negro, and that the boy had subsequently died, could the defendant afterwards, on pretence that the sale was void, have sued for and recovered his debt ont of the estate of the wife? No doubt this could have been done if the sale were absolutely void and not binding on either party. Yet I apprehend that a suit by defendant for the debt, under the circumstances, could not *209 he maintained; but if it were defeated, it mint be upon the ground that the sale was not void, but that notwithstanding tiie want of legal formalities the conveyance would, under the facts of the case, be sanelioned, aided, and perfected.
Noth 80. — A conveyance of property by a married woman, not executed in striot conformity with tho statute, is an absoluto nullity. (Gregory v. Van Vleck, 21 T.. 40; Jlalton a. Rust, 22 T., 133; Berry ». Donley, 21; T„ 737; Eckhardtv. Solileoht, 2!) T., 120; Clayton a. Frazier, 33 T.,91; Hampshire v. Floyd, 30 T., 103; Fitzgerald v. Tumor, 43 T„ 70.)
Hots 81. — Flack v. Neill, 22 T., 253; Shearon y. Henderson, 38 T., 215.
But although we would have been better satisfied had the judgment supported the conveyance and vested the litio in the defendant, yet as lié does not appeal it is not essential or necessary (hat the judgment in t hat p irlicular he disturbed. The decree accords wit it the dictates of honesty, and is sanctioned by tiie soundest. principles of law and justice. (S.ory’s l£q„ sec. 098.)
In a late case at Oalvesfon, in which infants attempted to set aside conveyances executed by them during infancy, it was held that, although on coming of age they might affirm or disavow their conveyances of real estate, yet that, as a general rule, they must restore the money or other property received asa consideration for said sale.
There, is nothing in the. question relative to the statute of limitations. The former contract, though barred, yet was a sufficient consideration to support the new engagement or promise.
In some of tho remarles, by way of illustration, tiie first contract may have been treated as not barred by the statute. This was done merely for convenience, as the remarks were not applicable to this case specially, tint to all in which the like facts maybe presented, and where tiie charge upon the estate may be one against winch títere is no bar.
Judgment affirmed.