### JOHN W. TUCKER AND WIFE v. R. P. CARR.

1. The mere fact that a deed or bill of sale is made to the wife alone during coverture is not even *prima facie* evidence of her separate interest in the property conveyed.

2. The rule would be different if the conveyance be made to the wife of property shown to have been purchased with the separate means of the husband, the presumption then being that he intended to make a gift of the property to his wife.

3. Neither the Constitution nor Article 1003, Paschal's Digest, make any distinction between real and personal estate, the separate property of the wife; and there is no other mode by which her separate property can be legally passed from her except in the manner prescribed by the statute over her separate acknowledgment.

4. It is error in a suit by husband and wife to recover separate property of the wife, to permit the defendant to give evidence of the husband's declarations of ownership in himself.

APPEAL from Victoria. Tried below before the Hon. T. C. Barden.

John W. Tucker and wife brought suit against R. P. Carr to recover personal property, claimed as the separate property of Mrs. Tucker. Carr plead—

1. General denial.

2. That the property was community, and held by the defendant under a purchase from the husband, John W. Tucker.

3. That the defendant held the property under a purchase from both husband and wife by a power of attorney, authorizing one Jones to sell for them.

4. That he held it under a purchase from the husband alone.

The evidence clearly traced the investment of Mrs. Tucker's separate funds in the property sued for, and which was sold by one Jones without any evidence of authority conferred on him by Mrs. Tucker.

The court below permitted a witness to testify that Jones and John W. Tucker were, together, attempting to sell the property in controversy to appellee, and that he heard John W. Tucker tell appellee that if Jones should come again, whatever trade he would make with Jones would be all right. He also stated that he heard John W. Tucker tell appellee that the property was his, and that he then had a bill of sale for it.

This testimony was objected to by appellant, and its admission was assigned for error.

The following, among other instructions, was given by the court, on the application of Carr:

"1. If the property sued for is the same that is embraced by the bill of sale from D. W. Snow to Frances Tucker, given in evidence in this cause, and if Frances Tucker was a married woman at the time the bill of sale was executed, then the law presumes said property was community property which the husband had a right to sell, and which might be safely purchased from the husband or his agent by any one who had no notice that it was separate property of the wife."

The following instruction was asked by Tucker and wife, and refused:

"1. During the marriage the husband has the right to manage the wife's separate property, and to have possession of it, but no right to pass title to such separate prop-

erty without consent of the wife, as shown by a privy examination as prescribed by the statute, or by full and satisfactory proof of perfect freedom and consent to the particular sale under consideration."

The action of the court in giving the first instruction, and refusing the last, was assigned for error.

Verdict and judgment for R. P. Carr.

McADOO, J.—We think the court entirely mistook the law applicable to this case, and erred both in the charges which were given and those which were refused.

The law on this subject has been so often and so thoroughly discussed in the previous opinions of this court, that we feel little inclined to elaborate them in this opinion. But as the cause must be remanded for a new trial, we deem it proper to lay down in this opinion the rules of law which govern it.

The property in controversy is claimed by the appellant, Frances Tucker, as her separate property, and that it was sold to the appellee by one Jones, without her consent, either legal or constructive. If it was her separate property, neither under the pleadings nor the proof was the sale so made as to bind her.

The husband himself cannot convey or sell the wife's separate property, whether the same be real estate or personal property; much less could he authorize, verbally or otherwise, a third party to do so.

The Constitution makes no distinction between real and personal estate, the separate property of the wife; and the "act defining the mode of conveying property, in which the wife has an interest" (Art. 1003, Pas. Dig.), clearly embraces all kinds of property. It provides that "when a husband and his wife have signed and sealed any deed or *other writing*, purporting to be a conveyance of any estate, or interest in any land, slave or slaves, or

*other effects*, the separate property of the wife, or other property exempted by law from execution, if the wife appear before any judge," etc.; then following the mode of her separate acknowledgment, requisite to make such conveyance valid and binding on her.

We know of no other mode by which the wife's separate property can be legally passed from her.

We are aware that in Womack v. Womack (8 Texas, 397), the court said that "the statute of 1846, which provides the mode of conveying the wife's property, does not expressly declare absolutely void any other mode of conveyance." And the court also in the same case says: "This act prescribes the mode of conveying property, in which the wife has an interest. Its provisions are intended for her protection."

It will be borne in mind, that the case of Womack v. Womack was not a suit by the wife to recover property, not by her conveyed in the mode prescribed by law, but was a suit by heirs to reclaim property of the wife, years after the sale and after her death, and which turned mainly on the equities of the case. Nor does that case stand without further elucidation by the court.

In Gregory v. Van Vleck, 21 Texas, 40, Judge Wheeler says: "The present bears no analogy or resemblance to the case of Womack v. Womack, 8 Texas, 397. The sale was not made in satisfaction of any liability of the wife, or any claim chargeable upon her separate estate, or for her benefit or for that of her family. Nor were the proceeds applied to any purpose beneficial to herself, her family or her separate estate. To hold the sale valid to vest her title, or to impose on her the necessity of refunding the price, which she never received, and which was not applied to her use or benefit, or according to her wish or direction, would not only be inequitable and unjust but it would be virtually to repeal the statute which pre-

scribes the mode in which a married woman may convey her separate property."

In the present case, the wife did not make or join in the sale. There is no evidence that she knew her husband had ever attempted to sell the property, or that she would have consented to the sale if he had done so—except the hearsay evidence of what the husband said, and which the court ought to have excluded. She did not receive the price, or any part of it, for Jones, when he sold the property, left the country, and carried with him the money. There is not a single element of law or equity which could tend to validate this sale, if the property in controversy was the separate property of the wife.

Was the property in controversy the separate property of the wife? If the testimony on that point be true, can there be any doubt of it?

If the appellant had rested her claim on the mere bill of sale to her, it could not be so held.

It is well settled that all property acquired during the marriage, whether by the labor of the husband or the wife, or the joint labor of both, whether the title be made to the husband or to the wife, or to both jointly, is community property. And the mere fact that a deed or bill of sale is made to the wife is not even *prima facie* evidence of her separate interest in it. If the property were acquired during the marriage by purchase, with the separate means of the husband, the rule would be different. The presumption, in that case, would be, that the husband, in so having the deed made, intended the property to be a gift to his wife. (Higgins v. Johnson, 20 Texas, 389.)

But the testimony in this case goes further. It begins with one thousand dollars of separate funds belonging to the wife before the marriage, being loaned to the husband, the loan to the husband secured by a mortgage on

his separate property; a release of that mortgage, and a substitution by purchase of the property in controversy (with other property), the bill of sale being taken in her name. Here is a clear, distinct tracing of her separate funds directly into this property, and if the testimony be true there can be no doubt of her absolute separate right to it.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.