Statement of the case.

IRA FITZGERALD ET AL. V. SMITH TURNER ET AL.

$\dfrac{43\quad 79}{89\quad 135}$

1. CONVEYANCE BY HUSBAND OF THE WIFE'S PROPERTY—EQUITA-
   BLE ESTOPPEL.—In trespass to try title, brought by heirs to recover
   the mother's interest in land inherited by her, against parties in pos-
   session under a deed from the father alone, it was alleged in defense—
   1. That the father of plaintiff sold the land to defendants' vendor
   for a negro, at the mother's request and for her benefit, and that
   she had the use of the negro during her life.   2. That the mother
   afterwards expressed herself satisfied with the trade, and (during
   her coverture) did not object to improvements being made by the
   purchasers.   3. That the negro lived with and served the family of
   the mother, and the heirs after her death: *Held,* that these facts
   constituted no defense, either legal or equitable, to the plaintiff's
   action.

2. CONVEYANCE BY MARRIED WOMEN—ESTOPPEL.—A married woman
   cannot be divested of her separate estate in land by deed unless the
   same be executed, in the terms of the statute, with her privy exam-
   ination; though she may be estopped from asserting title by her
   fraudulent act or representation made, when the same is relied upon,
   and acted on at the time of purchase by an adverse claimant.

3. Distinguished from Clayton's Administrator *v.* Frazier, 33 Tex., 99;
   and *dicta* in Womack *v.* Womack, 8 Tex., 397, discussed.

4. REAFFIRMED.—The principles governing conveyances by married
   women, if their separate property, announced in Berry *v.* Donley,
   26 Tex., 737, reaffirmed.

APPEAL from Fannin.   Tried below before the Hon. W.
H. Andrews.

Suit of trespass to try title by the heirs of Margaret
Fitzgerald.   In 1846 Garrett Fitzgerald, the husband of
Margaret, purchased land from the patentee, W. W. Pot-
ter, and had the conveyance made to their son, James E.
Fitzgerald, who, in 1847, died a minor and unmarried.
From him the father and mother inherited by moieties.
The father and mother took possession, and after the death
of James E. Fitzgerald Garrett Fitzgerald conveyed the
land to one McCarty, who took possession.   The consider-
ation paid was a negro girl.   The conveyance was not
signed by Margaret Fitzgerald, though she consented to

the sale, expressed herself satisfied with it, and had, during her life, in connection with her family, the services of the negro, who served the heirs after her death. Garrett Fitzgerald died, and afterwards his widow, Margaret. After the sale by Garrett Fitzgerald to McCarty the land passed through many hands to Smith Turner *et al.*, who made, with the knowledge of, and without objection by, Margaret Fitzgerald, improvements on the land valued at fifteen hundred dollars. A jury being waived, judgment was rendered for defendants, from which Ira Fitzgerald *et al.* appealed.

*Richard B. Semple*, for appellants, contended that there was no estoppel, since there was neither allegation nor proof that the wife was apprised of the true state of her title, or that she meant to deceive or did deceive the purchaser from her husband by her acts or declarations, citing Page *v.* Arnim, 29 Tex., 72; and 31 Tex., 690.

*Walton, Green & Hill*, for appellees.

I. We do not believe the plaintiffs can recover at all on the facts of the case. They do not tender compensation for the benefits to and value received by the ancestor from the consideration (viz, the negro girl) for the land. They claim a legal right, but the pleadings and proofs environ them by equities in behalf of appellees which they cannot escape. The law must be applied to the facts, and being applied in this case, equities intervene of so strong a nature that no court or chancellor will ignore them in adjudicating the respective rights of the parties.

II. It is true that there is no technical allegation of fraud or other misrepresentation or the part of Margaret to bring this case strictly within the rule laid down in the cases of O'Brien *v.* Hilburn, 9 Tex., 299, and Cravens *v.* Booth, 8 Tex., 243.

But we believe that the governing principle which

prompted the court to hold the wife responsible in those cases will hold Margaret bound by her acts in this, and will hold her and her privies estopped from setting up title to the land in controversy, or so at least until they tender to the appellees the value of the negro girl and her reasonable hire.

III. But whatever may be the ruling of the court on the two prior propositions, we are satisfied that appellants cannot prevail in the case here or elsewhere, in the face of the decisions in that large and well-marked class of cases represented by Dugan v. Colville, 8 Tex., 128; Bledsoe v. Cains, 10 Tex., 455; Reynolds v. Johnston, 13 Tex., 215; Whitson v. Smith, 15 Tex., 35; Taylor v. Ashley, 15 Tex., 50; Neatherly v. Ripley, 21 Tex., 435.

The parties cannot be placed in *statu quo.*

These decisions are made, notwithstanding the statute of frauds. (Paschal's Dig., art. 3875.)

The statute of frauds can hardly be said to be of less binding force than the statute which is protective of the rights of married women. (Paschal's Dig., art. 1003.)

The one is as much a statute of the State as the other. Our laws and our courts pertinaciously seek to arrive at and administer what is right between the parties litigant.

In the case at bar—

1. Margaret sought, assented to the sale, and acquiesced in it.

2. Possession of the land was yielded.

3. The consideration was received.

4. Not only received, but retained, used, and enjoyed during her life.

5. She afterwards became a *feme sole,* and took no action looking toward a recovery of the land or rescission of the transaction.

6. As a married woman and as a *feme sole* she stood by and saw the land improved, holding her peace; and

7. The statute began to run against her.

We submit that the facts passed the equitable and superior title to the land to appellees.

IV. The action of Margaret in the premises was a practical fraud upon appellees, in that she received value and made no return, unless, as before insisted, her conduct is estopped upon her and her privies.

A married woman and her privies may be estopped. (O'Brien v. Hilburn, 9 Tex., 299; Womack v. Womack, 8 Tex., 397; Dalton and Wife v. Rust, 22 Tex., 133; Clayton's Administrator v. Frazier, 33 Tex., 100.)

V. Under all the circumstances of this case the appellants waited too long to institute their proceedings, and the demand might well be denominated stale.

ROBERTS, CHIEF JUSTICE.—The appellants brought a suit to recover from defendants an undivided half interest in a tract of three hundred and twenty acres of land. They claim, as surviving heirs of Margaret Fitzgerald, who, with her husband, Garrett Fitzgerald, inherited the said tract of land from their son, James Ewing Fitzgerald. The land, while thus jointly possessed and owned by them, was sold by Garrett Fitzgerald, the husband, by his deed executed to James H. McCarty on the 21st day of September, 1847, under whom the defendants hold by a regular chain of title, by recorded deeds, and by continuous possession from that date up to the bringing of this suit on the 26th of July, 1871. Margaret Fitzgerald died in 1853 or 1854, never having executed any deed for her interest; and her husband died afterwards and before the institution of this suit. The defendants, Turner and McClenden, filed separately general exceptions to the petition, a general denial, and pleas of not guilty. Turner pleaded the statute of limitations of three, five, and ten years, and a special plea that the land was purchased by Garrett Fitzgerald with his own money, and that he had the title made to his son, James Ewing Fitzgerald, who held the same in trust for his father.

The evidence relating to these pleas, thus separately filed by Turner, was not of a character to have justified a finding in his favor upon them, nor is it so insisted in the brief of his counsel.

The defendants joined in an amended answer, stating that Garrett Fitzgerald sold the land to McCarty for a negro woman; that the sale was made at the instance and request and for the benefit of Margaret Fitzgerald, in order to procure a negro woman to wait on her; that she did have the use of the negro during the balance of her life; that she afterwards expressed herself well satisfied with the trade; that she was fully aware that defendants and those under whom they held were putting upon the land valuable improvements, and suffered it to be done without objection; that the negro woman lived with and served the family several years after the death of Margaret Fitzgerald, when the negro died. By all which facts it is contended that the said heirs of Margaret Fitzgerald are equitably estopped from now setting up claim to said land.

To this answer the plaintiffs excepted as insufficient, which exceptions were overruled. This ruling is assigned as error.

The evidence having been adduced, the jury was waived, the cause submitted to the court, and a judgment was rendered in favor of the defendants.

This action of the court is assigned as error, as being contrary to the law and the evidence.

The evidence was sufficient to sustain this answer of the defendants, and the important question in the case therefore is, do the facts set forth in the answer constitute a defense, either legal or equitable, to the cause of action alleged and proved by the plaintiffs? We are of opinion that they do not.

The deed from Garrett Fitzgerald to McCarty discloses the fact that he derived title to the land from his son, James

Ewing, who was then dead. His wife was then living, which, as we may infer from the answer, was well known to McCarty. She is not alleged or proved to have made any representations to McCarty in reference to the ownership of the land, and therefore she said or did nothing calculated to deceive him or in any way mislead him in the matter. Nor is it shown that McCarty relied on anything that she said or did in making the trade and in taking the title from the husband, without requiring the wife to join in it.

It was not shown that the title to the negro woman was made to Margaret Fitzgerald, or that she ever claimed her as her separate property, or that she was so regarded and disposed of at her death in 1853 or afterwards.

The facts, then, upon which the defendants below are forced to rely, as the record is here presented, are that Garrett Fitzgerald sold the land to McCarty for a negro woman; that Margaret Fitzgerald was willing to it, and desired it to be done for the specific object of getting the negro woman to wait on her; that she continued to be willing to it to the time of her death, and had the service of the negro woman in the family from the time of the trade as long as she lived, and knew that those who held the land were living on, improving, and using it as their own, during all which time she was the wife of Garrett Fitzgerald.

Such facts are not sufficient to pass the title to the land from her, or to estop her heirs from setting up claim to it. (Berry *v.* Donley, 26 Tex., 737; Cross *v.* Everts, 28 Tex., 532; Baily *v.* Trammell, 27 Tex., 328; Cravens *v.* Booth, 8 Tex., 243.)

These decisions hold, that for a married woman to convey her lands, so as to pass the title from her, she must do it according to the statute by a deed executed with a privy examination, unless by some fraudulent representation or act on her part, which is relied upon and acted on, she is estopped from setting up claim to the land.

It is probable that the answer of the defendants in this case was drawn up and the case tried and determined in reference to and upon the authority of the case of Clayton's Administrator *v.* Frazier, 33 Tex., 99. The facts in that case, as construed by the court, are much stronger than they are alleged and proved to be in this case. In the opinion in that case it is said that "The evidence clearly establishes the fact that Mrs. Clayton signed the bond with her own free will and accord; that she treated the sale as *bona fide* up to the time of her death; that so much of the purchase-money as was paid in her lifetime she used in building a house on her homestead, and that she spoke of making Frazier a deed not long before her death." Importance seems to have been here attached to the expenditure of the purchase-money on the homestead in which the wife had an interest. The opinion also quotes and relies on a part of the general remarks of Chief Justice Hemphill, in the case of Womack *v.* Womack, 8 Tex., 397, wherein he says: "When the proof is clear as to the freedom of will on her part, and the transaction commends itself in point of equity to the conscience of the court, particularly if the party contracting with the wife cannot be restored to his former position, the conveyance will be sustained, notwithstanding the want of a privy examination under the statute." However correct this proposition may be under the general principles of equity jurisprudence, it has not been sanctioned and acted on as the law of this State, nor was it in that very case in which it was announced, as will be seen by reference to the judgment which was rendered therein by the Supreme Court. The contrary doctrine was announced directly by Justice Moore, and practically enforced in a case directly involving that question, which was in the subsequent case of Berry *v.* Donley, 26 Tex., 737, and which has been subsequently followed as the settled law of this State, and so it is believed to be generally regarded up to the present time.

In the case of Womack *v.* Womack, the judgment of the court was that the administrator of Mrs. Womack, who had conveyed the negro while under coverture to the overseer and manager of her separate property, in discharge of his services as such, being of the value of four hundred dollars, should recover the negro, to be delivered, however, upon the payment of the four hundred dollars due as overseer's wages, for which the negro had been given.

This judgment was based, as we must suppose, upon the equitable principle that, as a suit had been brought in a court invested with equity powers, and the facts constituting an equitable cross-action had been fully set up in the answer, the administrator should be compelled to do equity before obtaining his legal right. Still the case, as actually decided, is a precedent in harmony with the cases previously and subsequently decided in favor of enforcing the statutory mode of conveying a married woman's real property by deed and privy examination.

It establishes in addition, also, that there may be facts and circumstances connected with such imperfect transfer of her separate property, the statute not being complied with, which, when set up in an equitable cross-action, will afford the opposite party equitable relief, and in a proper case enforce it as a condition precedent to the granting of a consummation of the legal right claimed and recognized.

The other case relied on in support of the decision of Clayton's Administrator *v.* Frazier is the case of Dalton and Wife *v.* Rust *et al.*, 22 Tex., 133. That case, so far as it relates to this subject, decides that a wife, who with her husband had given a title bond in the sale of her separate estate in a tract of land on a credit, and had joined with her husband in procuring a judgment of the County Court, (acting as a court of probate,) ordering the sale of the same land, by which sale the entire balance of the original purchase-money was paid by the purchaser at the probate sale, was estopped thereby from resisting a specific

performance of the original contract of sale under the bond, and as confirmed by the probate sale, under the plea that she had not originally sold the land in accordance with the statute by deed and privy acknowledgment. She was estopped by her action in the County Court, by which she had induced Mrs. Dalton to purchase the land at the probate sale for a full consideration, paid according to the terms of the sale, which she had joined her husband in procuring by the judgment of a court of competent jurisdiction.

Thus it has been held by an unbroken chain of decisions of this court, with the exception of the case of Clayton's Administrator *v.* Frazier, 33 Tex., 99, if that shall be regarded as an exception, that to pass the title of a married woman in the sale of her real property, it must be done in the mode prescribed by the statute, by deed and privy examination; and that when it is not so done, she, or those claiming through or under her, may recover it by suit, unless estopped by some representations or acts on her part relied and acted on, so as to operate as a fraud upon the opposite party in the event of such recovery. This, however, does not preclude equities from being set up and enforced when a proper case shall be presented, as was done in the case of Womack *v.* Womack, 8 Tex., 397. What facts would constitute a ground for such equitable relief must be determined when presented for adjudication, rather than be indicated in advance.

We are of the opinion that the judgment in this case is erroneous, and that it must be reversed and the cause be remanded.

Reversed and remanded.