## THE T. & P. R'y Co. v. MARY A. DURRETT ET AL.

### (Case No. 4519.)

1. EASEMENT.— A perpetual easement in land, or a qualified determinable fee, liable to be divested only if the estate should be used for other purposes than those contemplated by the conveyance, can only be created by deed or grant.

2. SAME — CONVEYANCE OF WIFE'S SEPARATE ESTATE.— The conveyance of a perpetual easement in land, the separate property of the wife. cannot be made by the husband alone, under his general power to manage the wife's estate. It can only be made in the manner pointed out by the statute for conveying the wife's separate estate.

3. INNOCENT PURCHASER.— When upon the face of a deed by the husband, in which the wife does not join, purporting to convey a perpetual easement in land which is her separate property, it appears that the deed was made without consideration, the party claiming the easement cannot, as against the wife, defend as an innocent purchaser without notice — there being no evidence that the conveyance from the husband induced the expenditure of money in furtherance of the easement.

4. EVIDENCE OF SEPARATE PROPERTY RIGHTS.— Parol evidence is admissible to show an understanding between the husband and wife, that real estate conveyed to her during coverture should be her separate property.

5. DAMAGES.— When, in an action for damages, the general statement of the matters from which the alleged injury results is sufficiently specific, all things which are the natural result of the act made the basis for damages, can properly be proved.

APPEAL from Dallas. Tried below before the Hon. George N. Aldridge.

September 22, 1877, Mary A. Durrett filed her petition, joined by her husband, John A. Durrett, in the district court of Dallas county, against the Texas & Pacific Railway Company, alleging that on the 1st of December, 1872, she was the owner and in possession of a tract of land in that county, containing one hundred and seventy and four-ninths acres, described by metes and bounds, and that at that date the defendant took forcible possession of the land for a road-bed, and constructed its road across it so as to take and hold for its right of way six and six-tenths acres, described by metes and bounds; that the tract of land was plaintiff's homestead; that the road crossed her farm in such a way as to cut it into two sections, both in "bad-shape," and neither large enough for a farm disconnected from the other; that by reason of said wrongful acts plaintiff was damaged $2,500; that is, $264 for the taking of the land embraced by the right of way, and $2,236 by reason of the other causes.

March 22, 1879, defendant filed amended original answer, consisting of:

First. A general demurrer.

Second. Plea of not guilty.

Third. That prior to its occupation of the land, the defendant on the 23d of October, 1872, procured from J. A. Durrett, the husband of Mary A. Durrett, a license and grant of right of way for that purpose; he, the said J. A. Durrett, executing and delivering to defendant a grant or deed for such right of way.

Fourth. That the land was community property of plaintiffs, and defendant built its road over it at great cost, to wit, $6,000, on the faith of the deed, and within the knowledge and without any objection from either of plaintiffs. To this plea the court sustained a demurrer.

Fifth. The statute of limitations of two years.

There was a trial, and verdict in favor of plaintiffs for $447.50.

The deed for the land in controversy was made to plaintiff, Mary A. Durrett, as grantee, after her marriage to her co-plaintiff, and there was no recital on its face to show either that the consideration of the deed was the separate property of the wife, or that it was intended to make the land the wife's separate property; and there was no allegation in the pleadings of plaintiff that the railroad company had any notice that the consideration given for the land was the separate property of the wife.

The court refused a charge, asked by defendant, to the effect that if the title deed to plaintiffs for the land in controversy was made during their marriage, to the wife, without anything on its face to show that the land was, or was intended to be, the wife's separate property, the presumption would be that it was community property, and as such the husband alone could convey the right of way over it for a railroad.

*Wellborn, Leake & Henry*, for appellant.

I. The owner may consent, without compensation, for a railroad to have a right of way over his land.

II. The court erred in permitting plaintiffs to testify as to the understanding between themselves that the land in controversy should be and was the separate property of the wife, Mary A. Durrett; because parol evidence of such a character, under the pleadings, was incompetent to show that the land was the separate property of the wife as against the defendant, which had pleaded a grant of right of way from the husband. The recorded deed to the wife of the land showed, on its face, that it was the community property of plaintiffs.

III. The court erred in allowing plaintiff's witness Pierson to esti-

mate damages arising from inconvenience in crossing the railroad track, because that element of damage was not pleaded.

IV. The husband may grant a right of way over community land without the consent of the wife, notwithstanding it is their homestead, if the use of the grant does not substantially defeat the homestead right. R. S., art. 2852; Const. of Texas, art. XVI, sec. 50; Mill's Eminent Domain, sec. 71; 38 Iowa, 182.

V. The husband alone can convey community property. All property purchased during the marriage is presumed to belong to the community. If there is nothing on the face of the deed to show it is the separate property of one of the spouses, this becomes a conclusive presumption in favor of a purchaser for a valuable consideration, without notice of facts making it separate property.

VI. A valuable consideration may be either money or some other valuable thing paid by the railroad company, or something done or expended by it, as a result of making use of the right of way in pursuance of the grant, which would cause it loss if not adhered to. R. S., art. 2852; 27 Tex., 457; James v. Fulcrod, 5 Tex., 520; 52 Tex., 109; 49 Tex., 215; Bason v. Hughart, 2 Tex., 478.

*W. L. Williams* and *H. Barksdale,* for appellee.

STAYTON, ASSOCIATE JUSTICE.— The question whether the land which was appropriated by the appellant for its road-bed and way was the separate property of Mrs. Durrett, or the community property of herself and husband, was fairly submitted to the jury by the charge of the court, and their verdict involves a finding that the land over which the appellants constructed their road was the separate property of Mrs. Durrett; hence it becomes unnecessary to consider so much of the assignments of error as are based upon the theory that the land was the community property of Mrs. Durrett and her husband. The record exhibits proof amply sufficient to establish that the property was owned by Mrs. Durrett in her own separate right.

The appellants, after they had laid off their road across the land claimed by Mrs. Durrett, obtained from her husband, by a writing which she never signed, and contrary to her wish, an instrument which in terms purported to convey to the appellant the right of way over the land, which, so far as necessary now to be considered, was as follows: " Know all men by these presents, that I, John Durrett, in consideration of the sum of one dollar to me paid by the Texas & Pacific Railway Company, the receipt of which is

hereby acknowledged, do hereby bargain, sell, grant and convey unto said company the right of way through and over our present survey of my land situated in said county, embracing fifty feet on each side of the track of said road, together with the use of the wood, timber, water, etc., pertaining to the land so granted and conveyed, to have and to hold the same for the uses and purposes aforesaid unto said company and its successors forever," etc. It is claimed that under this agreement, made by the husband, the company acquired the rights which the husband undertook to convey thereby, even though the land was the separate property of the wife.

The statutes in force at the time the agreement between the husband and the appellant was made provided, as do those now in force, that the husband and wife should join in the conveyance of real estate the separate property of the wife (Pasch. Dig., 1003; R. S., 559); and provide how the acknowledgment to an instrument to convey her separate estate must be made. Pasch. Dig., 1003; R. S., 4310, 4313. Conveyances of such property not made in the manner prescribed by the statute are invalid. Berry v. Donley, 26 Tex., 737; Smith v. Elliott, 39 Tex., 201; Fitzgerald v. Turner, 43 Tex., 79. So far have the rights of the wife been protected, that it has been held that the husband has no power by his own act even to sell personal property which is the separate property of the wife. Tucker v. Carr, 39 Tex., 98; 5 Tex., 201; 8 Tex., 180.

The conveyance from the husband to the company does not describe with certainty any particular land, but if we apply the description, "our present survey of my land situated in said county," to the land owned by Mrs. Durrett, then the inquiry arises, had the husband the power to make the conveyance which he did make?

The grant attempted to be made by the husband in terms purports to convey a perpetual easement in the land (Junction R. R. Co. v. Ruggles, 7 Ohio St., 1), or a qualified determinable fee, liable only to be divested if the estate is used for purposes other than that contemplated by the conveyance. State v. Brown, 3 Dutcher, 13.

Such a conveyance, if valid, is not revocable. New Jersey, Midland R. Co. v. Van Syelkle, 8 Vroom, 496.

Such a right as the conveyance by the husband purports to convey, if considered simply as an easement, is an interest in land which could only be created by deed or grant. Speaking of easements and the method of their creation, Mr. Washburn in his work on Servitudes and Easements says: " Those being interests in land can only be acquired by grant, and ordinarily by deed, or what is deemed to be equivalent thereto, a parol license being insufficient for the purpose."

Washburn's Servitudes and Easements, 23, where the authorities bearing upon this subject are collated.

The right attempted to be conveyed is, however, more than an easement in the legal acceptation of that term; in addition to granting a mere easement, it attempts to give the right to take something out of and from the soil, which is known in the books as a *profit a prendre* — a right coupled with a profit. Referring to this subject in his work above referred to, p. 11, Mr. Washburn, commenting upon the case of Post *v.* Pearsall, 22 Wend., 425, says: "The distinction seems to be this: if the easement consists in a right of *profit a prendre*, such as taking soil, gravel, minerals, and the like, from another's land, it is so far of the character of an estate or interest in the land itself, that, if granted to one in gross, it is treated as an estate, and may therefore be one for life or inheritance."

Such being the character of the conveyance under which the appellant claims, if valid, it carries with it an interest and estate in the separate property of the wife which at no future time can be revoked, even after the power of the husband to control and manage her separate estate may cease by his death.

It attempts to give the right, not only for roadway, but also to use the wood, timber, water, soil, gravel or stone which may be on the land covered by the deed, for such purpose, and at any place, and to such extent as to the appellant may seem proper, although such use may render the land utterly valueless to the wife. The power to make such conveyance exists alone in the owner of the soil, and the statutes of this state have vested no such power in a husband in reference to lands the separate property of the wife. The power of the husband over the separate estate of the wife is one of control and management, and not of alienation. "This invests him with such control and powers as are incident and necessary to the due exercise of his authority, but gives him no power over matters affecting her right or title to the property, or to perform any act by which such title may be endangered." McKay *v.* Treadwell, 8 Tex., 180. Hence we are of the opinion that the husband had no power to make the conveyance relied upon by the appellant, and that the same interposes no obstacle to the recovery sought by Mrs. Durrett.

It is urged that, as the deed was made to Mrs. Durrett during coverture, the deed from the husband, in the absence of notice to the appellant that the land was the separate property of the wife, must be effective. The pleadings of the appellant were not such as to

raise the question whether it was a purchaser for a valuable consideration without notice of the right of Mrs. Durrett; and the court did not err in sustaining the exception to the fourth paragraph of the answer; for the only material averment there was in that part of the answer, was that the property was community property. The same averment was contained in the preceding paragraph of the answer, of which appellant had the benefit. If, however, the answer had set up sufficiently the defense above indicated, it would have been unavailing, for upon the face of the deed it must be held to have been made by the husband without consideration; and the evidence does not show that the appellant, by the conveyance from the husband, was induced to build its road over the land, or that it was induced to do any other act thereby which it would not have done without such conveyance; but upon the contrary, the evidence does show that the appellant had staked out its roadway, and that its agent declared to the wife the intention there to build the road before the conveyance from the husband was taken. At that time the wife informed the agent of her unwillingness to have the road there constructed. The foregoing applies to the appellant's 10th, 11th and 12th assignments of error, and the same need not further be considered.

It is claimed that the court erred in permitting appellee to prove as an element of damage the inconvenience of crossing over the appellant's road, from one part of the tract of land to the other, which had been severed by the building of the road, because the same had not been specially alleged. This proposition cannot be sustained; for under the general statement of the grounds of injury, the same being sufficiently specific under the general claim for damages, all things which were the natural result of the act made the basis for damages could properly be proved.

The court did not err in permitting proof as to the understanding between Mrs. Durrett and her husband, at the time the land in controversy was deeded to her, that the same should be her separate property. Higgins v. Johnson, 20 Tex., 389. Besides, the proof that the land was purchased with the separate means of the wife was full, and the appellants were not in a situation, as before said, that would enable them to claim to be innocent purchasers for a valuable consideration.

It is claimed that the damages were excessive, and that the court erred in its charge to the jury upon the measure of damages. The charge of the court is not perceived to be erroneous, and embodies the principles involved in the great current of authority, which now

Opinion of the court.

are made a part of the statute law of this state. R. S., 4195, 4196. The evidence was conflicting, but there was evidence amply sufficient to sustain the verdict; at least it is not so clearly excessive as to authorize this court to set it aside. It is not necessary in this case to pass upon any other question raised by the assignments of error, for under the facts of the case they are immaterial.

The judgment of the district court is affirmed.

AFFIRMED.

[Opinion delivered April 28, 1882.]