GEORGE B. ZIMPLEMAN ET AL. v. M. R. PORTWOOD ET AL.

Decided January 9, 1908.

**Married Woman—Deed—Minority of Husband.**

A married woman must be joined by her husband in a deed to her separate estate, and the fact that her husband is a minor is immaterial. This was the law under the statute of 1846 as well as under the present statute.

Appeal from the District Court of Cherokee County. Tried below before Hon. James I. Perkins.

*Willson & Watkins,* for appellants.—A deed duly acknowledged

by a married woman, conveying her separate property for the purpose of providing for herself and her child the necessaries of life, is not void merely because her husband did not join her in its execution, it appearing that her husband at the time she executed the deed was only 17 years of age. Clark v. Wicker, 30 S. W. Rep., 1117; Wright v. Hays, 10 Texas, 134; Forbes v. Moore, 32 Texas, 199; Speer on Married Women, sec. 102, page 97; 14 Am. & Eng. Enc. Law, 1 ed., pp. 592, 605, 629, 636, 637; Rogers v. Roberts, 13 Texas Civ. App., 191; Nolan v. Moore, 72 S. W. Rep., 583.

Under the law as it was on May 19, 1864, a deed executed by a married woman and acknowledged as then required in such cases, was not void merely because her husband did not join her in its execution. Paschal's Laws of Texas, p. 261; Rev. Stat., art. 635; Webb's Record of Title, sec. 88, p. 146; Waltee v. Weaver, 57 Texas, 571; Miller v. Yturria, 69 Texas, 552; McDannell v. Horrell, 1 Posey, 526; Herring v. White, 6 Texas Civ. App., 251; Nolan v. Moore, 72 S. W. Rep., 583.

*W. H. Shook,* for appellees.

PLEASANTS, Chief Justice.—This is an action of trespass to try title brought by appellees against the appellants. The land in controversy is 343 1-3 acres on the William McLain survey in Cherokee County. Plaintiffs claim as heirs of Elizabeth P. Batten and defendants claim under a deed executed by said Elizabeth P. Batten during her coverture but not joined in by her husband, with whom she was living at the time said deed was executed.

The petition, in addition to the usual allegations in trespass to try title, set up the facts showing the invalidity of the deed under which defendants claim. Defendants answered by general demurrer and plea of not guilty and by special plea in which it is averred, in substance, that at the time the deed in question was executed by Mrs. Batten her husband was a minor and therefore incapable of contracting or of joining her in the execution of said deed and that same was executed by her for the purpose of obtaining necessaries for herself and child, and that under such circumstances it was not necessary for the husband to join in the deed in order to make it a valid conveyance of the land. Plaintiffs' exceptions to this plea were sustained and upon a trial of the case on the merits, judgment was rendered in favor of plaintiffs.

The evidence shows that plaintiffs are the heirs of Mrs. Elizabeth P. Batten, who is the common source of title. On the 19th day of May, 1864, Mrs. Batten conveyed the land to the Chappell Hill Manufacturing Company for a recited consideration of $6866.67. At the time this deed was executed Mrs. Batten was the wife of James Batten and they were living together as husband and wife in their own home. James Batten was at that time only 17 or 18 years of age. He did not join in the execution of this deed. The certificate of acknowledgment to the deed is in form a certificate of the separate acknowledgment of a married woman, and the deed recites that the grantor is the wife of James Batten. The de-

fendants through mesne conveyances have acquired the title of the Chappell Hill Manufacturing Company.

The first assignment of error complains of the ruling of the trial court in sustaining plaintiff's general exceptions to defendants' special plea before mentioned. The proposition advanced under this assignment is as follows: "A deed duly acknowledged by a married woman, conveying her separate property for the purpose of providing for herself and her child the necessaries of life, is not void merely because her husband did not join her in its execution, it appearing that her husband at the time she executed the deed was only 17 years of age."

We do not think the question of the validity of the deed of a married woman conveying her separate estate without the joinder of her husband in the execution of such deed is in any way affected by the minority of the husband. The minor husband has all of the marital rights of the adult and the law throws around the wife of such husband the same protection and safeguards that it extends the wife of the adult. The general rule that a minor is incapable of making a valid contract can not be applied so as to render ineffective the protection given the wife of a minor husband by the statutory requirement that her husband must join her in any conveyance of her estate. The validity of the deed of a married woman in the execution of which her minor husband joined was expressly upheld by the Court of Civil Appeals for the Fifth District in the case of Tippett v. Brooks, 95 Texas, 335. It is true, as contended by appellants, that a holding that a deed by a married woman joined by her minor husband is valid is not necessarily a holding that such deed would be invalid if not joined in by the husband, but in the case cited the validity of the deed was upheld on the ground that the minor husband had the power and capacity to join in the deed, and not upon the ground that the wife could execute a valid deed without being joined by the husband. There was no contention in that case that the deed was valid upon any other ground than that it was properly joined in by the husband, and the question of the capacity of the minor husband to consent to the conveyance by the wife and join therein seems to have been expressly decided by the court in the affirmative. A writ of error was denied by the Supreme Court in that case and we think it settles the question here presented.

Appellants further contend that the failure of the husband to join in the deed of his wife conveying her separate estate did not render the deed void under the statute of 1846, which was in force at the time the deed in question was executed. This contention is based upon the form of the statute which merely provides that the deed of a married woman signed by herself and husband and properly acknowledged shall pass the title of the wife to her separate property thereby conveyed, and does not contain the mandatory words of our present statute that the husband and wife "shall" join in such deed. There is no merit in the contention. Under the common law the wife had no power to convey her separate estate and it has been uniformly held by our courts that unless the statute

giving such right is complied with, the deed of a married woman conveying lands belonging to her separate estate is void. Berry v. Donley, 26 Texas, 745; Cannon v. Boutwell, 53 Texas, 626; Wadkins v. Watson, 86 Texas, 194; Kellett v. Trice, 95 Texas, 160.

We think the trial court properly held that the deed under which appellants claim was void, and the judgment must be affirmed.

*Affirmed.*

Writ of error refused.