### W. F. KLUMPP ET AL. v. M. A. STANLEY ET AL.

Decided November 4, 1908.

**1.—Deed—Invalid Acknowledgment of Married Woman—Act of May 23, 1907, Construed.**

The Act of May 23, 1907, amending article 2312 of the Revised Civil Statutes concerning defective acknowledgments to deeds, was simply intended to render, in certain cases, instruments and copies of them which had been recorded a designated period of time admissible in evidence which could not be introduced before said article was amended except upon proof as at common

law. The effect of such evidence was not changed nor intended to be. If the instrument was invalid before, it remained so afterwards.

**2.—Same—Same.**

.An attempted conveyance by a married woman of her land in this State without the privy acknowledgment prescribed and required by our statutes, is an absolute nullity, and can not be vitalized by Act of the Legislature.

Appeal from the District Court of Leon County. Tried below before Hon. Gordon Boone.

*W. D. Lacey* and *Joe H. Seale,* for appellants.—The acknowledgment of the married women, M. A. Stanley and T. B. Brandin, taken according to the Louisiana statute, was cured by the Acts of the Thirtieth Legislature, page 308. Sutherland on Statutory Construction, sec. 483; Watson v. Mercer, 8 Peters, 86, 33 U. S. L. Ed., 876; Johnson v. Taylor, 60 Texas, 360; Johnson v. Parker, 11 S. W., 681; McDannell v. Harrell, 1 Posey, Unreported Cases, 526; Tate v. Stooltzfoos, 16 Am. Dec., 546; Brownson v. Schanlan, 59 Texas, 222; Morris v. Turner, 24 S. W., 959.

*Wm. Watson* and *S. W. Dean,* for appellees.—Any attempted conveyance by a married woman of her separate estate in lands, when not accompanied by the separate acknowledgment and privy examination provided by article 635 of the Revised Statute, was, in 1873, and has since said time been, absolutely void and mere waste·paper. Rev. Stats., art. 635; Stone v. Sledge, 24 S. W., 697; Cross v. Everts, 28 Texas, 532; Fisher v. Bowser, 41 Texas, 223; Cauble v. Worsham, 70 S. W., 737; Berry v. Donley, 26 Texas, 737; Chester v. Breitling, 32·S. W., 527; Am. & Eng. Ency. of Law, vol. 9, page 11.

NEILL, Associate Justice.—This was a suit in trespass to try title, and also for partition brought on January 22, 1906, by appellees, M. A. Stanley, T. B. Brandin, S. B. Brandin, J. E. Therrell and Earnest Irvin, the heirs of J. E. Therrell, deceased, in the District Court of Leon County, Texas, against W. F. Klumpp, G. W. Burkett, W. E. Beene, W. T. Mattison, Israel Fulsom, J. W. Beene, The Singer Sewing Machine Company, L. Higgins, W. W. Higgins, Jas. Fulsom, W. Harmes, Mary Mills, Robt. G. Mills, Amanda Davis, E. G. Davis, Windsor Pipes, Jack Redhead, Joe Redhead, Julia Redhead, Ella Redhead, E. K. Street, Thos. R. Street, Mary Lyons, Tom Lyons, Joe Norwood, A. D. Norwood, A. J. Norwood, I. D. Norwood, Louisa S. Klumpp, Kate Klumpp Stahl and her husband, Mr. Stahl, C. C. Klumpp, Julius G. Klumpp, F. B. Enochs, Felice Enochs and Mrs. W. N. Parks, to recover the lands described in plaintiff's original petition, which said lands .were patented to J. B. and J. E. Therrell by the State of Texas, in which suit Mrs. Mary E. Therrell intervened, claiming that she was entitled to an undivided one-half interest in the lands described in intervener's petition, as against both plaintiffs and defendants.

The defendant G. W. Burkett answered by a plea of not guilty, and also plead for a repartition in case the deed from M. A. Stanley et al. to A. J. Norwood should from any cause be declared to be a forgery. The

defendants Norwood, Klumpp and Singer Sewing Machine Company plead not guilty.

There was a trial in which a jury was empaneled and sworn to try the cause, and heard the evidence, or a part of it, but the jury was withdrawn and the court rendered judgment as follows, to wit: Plaintiffs M. A. Stanley and T. B. Brandin own an undivided one-fourth interest. The defendants G. W. Burkett, W. E. Beene, W. T. Mattison, Israel Fulsom and J. W. Beene own an undivided one-fourth interest. That the defendant The Singer Sewing Machine Company owns an undivided one-seventeenth interest, and the defendants L. Higgins, W. W. Higgins, Jas. Fulsom and W. Harmes own an undivided one-eighth interest, and that the intervener Mary E. Therrell owns an undivided five-sixteenths interest in the lands described in plaintiff's petition, and that all the other parties hereto, both plaintiffs and defendants, own no interest in the lands in this suit.

The land in controversy was patented to J. B. and J. E. Therrell, both of whom are dead. The latter having died prior to January 23, 1873, his undivided one-half interest in the premises having descended by inheritance to plaintiffs M. A. Stanley, T. B. Brandin, J. E. Therrell, and to Sarah E. Irvin, deceased, who was the mother of the plaintiff Earnest Irvin. On the date stated M. A. Stanley was the wife of C. A. Stanley, and T. B. Brandin was the wife of S. B. Brandin, and Sarah E. Irvin was a widow.

There is no controversy in regard to the one-half interest in the lands of the patentee J. B. Therrell, it being held by defendants, or some of them. The only controversy in the court below being as to the interest of J. E. Therrell inherited by plaintiffs, and that controversy is confined on this appeal to the interests of M. A. Stanley and Theresa B. Brandin. Their interest is claimed by appellants under a certain instrument or deed, generally designated as a "protocol," made on January 23, 1873, in the State of Louisiana, East Feliciana Parish, by M. A. Stanley in person, and by Theresa B. Brandin by her agent, C. A. Stanley, and Sarah E. Irvin, to Abel J. Norwood before Tony M. J. Clark, the recorder of said parish, purporting to convey their interest in the lands sued for, which instrument was recorded in Leon County, Texas, February 2, 1873. The original, as well as the record thereof on the deed records of Leon County, was introduced in evidence by the appellants over certain objections of the appellee, not necessary to mention or consider here. This document, together with the power of attorney made by Theresa B. Brandin, appointing C. A. Stanley her agent to sell and convey the land to A. J. Norwood, and other writings attached thereto, appear at length in the trial court's conclusions of fact. It is deemed sufficient to say that such instrument and the certificates attached to it are in the ordinary form of a protocol, or such as are employed in the State of Louisiana for conveying land situated in that State; that it appears upon its face that M. A. Stanley and Theresa Brandin were at the time it was made both married women; that it does not appear, either from the face of the protocol, nor from any certificate attached to or accompanying it, that either Mrs. Stanley or Mrs. Brandin appeared before an officer authorized to take acknowledgments of deeds affecting lands

situated in this State and acknowledged the execution of the instrument in the manner required by the Act of April 30, 1846, in order to make a deed of a married woman conveying her separate property effective. (Pas. Dig., arts. 1003, 1004.)   On the contrary, it affirmatively appears that no such acknowledgment was taken of either of these women, nor of Mrs. Brandin to the power of attorney by virtue of which C. A. Stanley, as her agent, sought to convey by such instrument her interest in the property.

The trial court held, as a matter of law, as follows: "The so-called deed or act between Sarah E. Irvin, M. A. (or M. M.) Stanley and Theresa B. Brandin on the one part, and A. J. Norwood on the other part, was admissible in evidence as an ancient instrument, but was not sufficient to convey the title of the married women, M. A. Stanley and T. B. Brandin, and they are therefore entitled to recover a one-fourth interest in the lands in controversy."

The assignment of error attacks this conclusion upon the ground that the Act of May 23, 1907, amending article 2312 of Revised Civil Statutes, operated upon the deed so as to convey the title of these married women.   The Act referred to was not intended to have any such effect, nor could it, if such were the legislative intent, be given any such force by the courts.   The instrument, as to these married women, was, from its inception, absolutely void (Berry v. Donley, 26 Texas, 737; Zempleman v. Portwood, 107 S. W., 584), and no Act that could be passed by the Legislature would give it any validity at all.   When the instrument was executed title remained in Mrs. Stanley and Mrs. Brandin just as it was before, and could not be taken from them by the Legislature if it wanted to; but no such assault was intended or contemplated by the Legislature upon the rights of individuals.   It was simply intended by the Act to render, in certain cases, instruments and copies of them, which had been recorded a designated period of time, admissible in evidence, which could not be introduced in evidence before under the article amended, but would otherwise have to be proved as at common law. The effect of such evidence was not changed nor intended to be.   If the instrument was invalid before, it remained so, and would so remain forever, unless validated by the parties themselves.   The judgment is affirmed.

                                                                    *Affirmed.*