## GEORGE F. KIN KAID v. W. M. D. LEE.

### Decided March 30, 1909.

**1.—Married Woman—Separate Estate—Conveyance by Husband to Wife.**

In this State a deed from the husband directly conveying land to the wife will be construed as vesting the title of the land so conveyed as her separate estate.

**2.—Community Property—Land Acquired During Marriage.**

All property conveyed to either the husband or wife during the existence of the marriage relation will, in the absence of testimony showing the contrary, be presumed to be community property.

**3.—Deed—Laws of Foreign State—Presumption.**

Where a deed executed in another State conveys land in this State, it will be presumed that the law of such other State was the same as the law of this State at the time the deed was executed in the absence of proof of what the law of such State was at such time.

**4.—Community Property—Separate Estate of Married Woman—Deed—Notice.**

Where by deed executed in New York the husband conveyed land in Texas to a third party, and the latter by deed conveyed the land to the wife, the habendum of the latter deed being "to have and to hold unto the said party of the second part, her heirs and assigns to her and their use, benefit and behoof forever," the deeds in connection with the facts that both were executed on the same day, recited the same consideration of $2,000, were attested by the same witnesses, acknowledged at the same time and before the same officer, and conveyed the same land which was the separate property of the husband, and that all the parties to said deed were dead, and that a great time had elapsed, were not sufficient to overcome the presumption that the land became community property, nor to visit a subsequent purchaser with notice that the land was conveyed to the wife as her separate property.

**5.—Married Woman—Separate Estate—Descent and Distribution.**

Assuming that the land became the separate property of the wife and that a subsequent deed by the husband to one F. was not effective in passing title to the latter, it appearing that the wife survived the husband and died leaving no children by that marriage but two by a former marriage one of whom was the wife of F. the grantee of the husband, and that the other child died intestate without issue before the wife of F., the title vested in the latter by descent.

**6.—Deed—Married Woman—Power of Attorney.**

Where the wife conveys land for herself and for the husband under a power of attorney from him, the conveyance has the effect to convey all the right, title and interest of both, whether the land was separate property of either or was the community property of both.

**7.—Same—Case Followed.**

O'Connor v. Vineyard, 91 Texas, 488.

**8.—Evidence—Deed—Certificate of Acknowledgment—Recorded Deed—Statute.**

Where a deed has been recorded for more than ten years and no claim adverse

or inconsistent to the one evidenced by the instrument has been asserted during that time, the deed or a certified copy thereof is admissible in evidence regardless of whether the certificate of acknowledgment was not in form or substance as required by the law of this State at the time of the registration. Gen. Laws 30th Leg. p. 308.

**9.—Same—Execution of Deed—Secondary Evidence—Harmless Error.**

Where a certified copy of a deed was admissible under an agreement of the parties and was introduced, error in allowing proof of its execution by circumstances without proof of loss of the original, was harmless.

Error. from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*John Hamman,* for plaintiff in error.—The deed from David Fay to Thomas Healey, and the deed from said Thomas Healey to Mary Fay, wife of said David Fay, considered in connection with facts: (1) That said deeds were executed in New York City where the common law doctrine that a transfer from husband to wife was void prevailed, and which same doctrine was then supposed to also prevail in Texas, the common law being then but recently adopted in said latter State, and (2) that said deeds were (a) executed on the same day, (b) recite the same consideration, (c) are witnessed by the same witnesses, (d) were acknowledged at the same time, (e) were acknowledged before the same officer, (f) convey the same land, and, (3) the land in controversy being the separate property of said David Fay at the date of his said deed, together with the fact that all the parties thereto are dead, and in view of the great lapse of time, will be construed as a direct transfer from said David Fay to his wife, said Mary Fay; and, therefore, invested said Mary Fay with said property in her separate right. Common law adopted in New York in 1777; Burtis v. Burtis, 1 Hopk. (N. Y.), 557, 14 Am. Dec., 563.

Under common law in 1848 conveyance from husband to wife in New York void: White v. Wager, 25 N. Y., 328.

It was not until the Act of 1887 that a husband was permitted in New York to convey land directly to his wife: Diefendorf v. Diefendorf, 29 N. Y. St. R., 122; 8 N. Y. Supp., 617.

Common law adopted in Texas in 1840: Hartley's Digest, art. 127.

Our Supreme Court did not decide until years after, viz., in 1855, that a transfer from husband to wife was valid and that there was no necessity for the interposition of a trustee in this State; it was an open question at date of said deeds: Pitts v. Booth, 15 Texas, 453.

Construed as one instrument and as direct transfer from husband to wife, etc.: Scales v. Marshall (Texas Civ. App.), 60 S. W., 337; Whitby v. Duffy, 135 Pa. St., 620; 19 Atl., 1065; Hamilton v. Rathbone, 175 U. S., 415; 44 Law. ed., 220; Donahue v. Hubbard (Mass.), 14 L. R. A., 124.

A conveyance of land in Texas by the husband to his wife vests her with a separate estate in the land so conveyed. Healey was merely the conduit pipe through which the title passed. Simpkins' Equity, fourth exception, pp. 158-59.

The power of attorney from George Foos to his wife, Helen Foos, did not authorize her to sell her separate property and sign her hus-

band's name to the deed, and she could not make a valid sale of her property, her husband not joining therein as the law provided. Rev. Stats., art. 635; Morton v. Morris, 27 Texas Civ. App., 262; Devlin on Deeds, secs. 358, 353, 1280; Toulmin v. Heidelberg, 32 Miss., 268; Watkins v. Watson, 86 Texas, 194; Bynum v. Preston, 69 Texas, 291; Wortham v. Thompson, 81 Texas, 348; Daniel v. Mason, 90 Texas, 240; Merchants, etc., Bank v. Eustis, 28 S. W., 230.

*E. P. & Otis K. Hamblen,* for defendant in error.—As there was no proof showing what the laws of New York were at the time the deeds referred to were executed, it will be presumed that they were the same as the laws of Texas. Temple v. Dodge, 89 Texas, 71; Blethen v. Bonner, 93 Texas, 143; James v. James, 81 Texas, 381; Bradshaw v. Mayfield, 18 Texas, 29; Clardy v. Wilson, 24 Texas Civ. App., 197.

The deed from Thomas Healey to Mary Fay expressing the consideration of two thousand dollars, and failing to show that it was for her separate use, placed the title of the property in the community. Parker v. Chance, 11 Texas, 517; Stiles v. Japhet, 84 Texas, 93; King v. Gilleland, 60 Texas, 274; Heidenheimer v. Loring, 6 Texas Civ. App., 568; Ezell v. Dodson, 60 Texas, 332; Brown Hardware Co. v. Marwitz, 10 Texas Civ. App., 460.

The power of attorney from George Foos to his wife, Helen Foos, fully authorized her to convey all lands, whether it was her separate property or the community property. O'Connor v. Vineyard, 91 Texas, 488-498.

McMEANS, Associate Justice.—Action of trespass to try title by George F. Kin Kaid, plaintiff in error, against W. M. D. Lee and others for 320 acres of John Walters survey situated in Harris County. Lee disclaimed as to all of the survey except 218.98 acres described by metes and bounds in his answer, and as to such acreage answered by general denial and pleas of not guilty and estoppel, and further, that he was an innocent purchaser for value. By way of cross-bill, he prayed for title and possession of the land described in his answer, setting up that plaintiff was asserting title to the land and interfering with his free use and enjoyment thereof and that plaintiff's claim was depreciating the market value of the same and casting a cloud upon his title. Lee's motion for a severance was granted and the cause proceeded to trial with Lee as the sole defendant. The case was tried before the court without a jury, and upon conclusion of the testimony judgment was rendered in favor of Lee for the land in controversy, and from the judgment this appeal is prosecuted.

The case is before us on findings of fact and conclusions of law filed by the trial judge, which, because of their great length, will not be set out in this opinion in full, but sufficient will be quoted therefrom to show the grounds upon which our conclusions are based. We shall not discuss appellant's assignments of error in detail.

The court found that "On September 20, 1848, David Fay conveyed to Thomas Healey for the recited consideration of $2,000 ten tracts of land in Harris County, Texas, aggregating . . . acres, and including the land in controversy, the deed to which land was made in

the city and State of New York on the date above set forth, and witnessed by Thomas C. Fielder and D. Gould, and acknowledged by David Fay in the city and State aforesaid before John H. Brower, Commissioner of the State of Texas for the city of New York, on the date of execution of the deed, to wit: September 20, 1848; the said deed was recorded in the deed records of Harris County January 1, 1849.

"On the same day, to wit: September 20, 1848, Thomas Healey, the grantee of David Fay as set forth above, executed a deed to Mary Fay, wife of David Fay, for the recited consideration of $2,000, conveying to said Mary Fay, the wife of David Fay, the same land as set forth in the deed from David Fay to Thomas Healey, which deed was witnessed by the same witnesses as the deed from David Fay to Thomas Healey, to wit: Thomas C. Fielder and D. Gould, and acknowledged before John H. Brower, Commissioner of the State of Texas for the city of New York, on the day of its execution, to wit: September 20, 1848. This deed was recorded January 18, 1849, deed records of Harris County, Texas.

"David Fay and his wife, Mary Fay, were married in the year 1842, and both died intestate in 1849, the husband dying about two weeks prior to the death of his wife; Mary Fay never conveyed any of the land described in said deeds. David Fay and Mary Fay had no children as the fruit of their marriage. The wife, Mary Fay, by a former husband, left two children, Helen M. Foos, the wife of George Foos, and William Robinson. William Robinson died intestate and without issue in 1860 and before the death of Helen Foos, without ever having conveyed his interest in the estate of Mary Fay. Helen Foos had four children, three of whom married, one being Mary Kin Kaid; the other children of Helen Foos died after their mother and without issue and intestate. The wives and husbands of the married children are also now dead. Mary Kin Kaid, formerly Mary Foos, died, leaving only one child, George F. Kin Kaid, the plaintiff in this suit.

"That the property in controversy was the separate property of David Fay at the date of the execution of the deed conveying the same to Thomas Healey.

"In the deed from Thomas Healey to Mary Fay, wife of David Fay, dated September 20, 1848, and set forth above, there are these recitals: 'This indenture made the twentieth day of September in the year of our Lord one thousand eight hundred forty-eight, between Thomas Healey of the city of Brooklyn, county of Kings and State of New York, of the first part, and Mary Fay, wife of David Fay, of the city of Brooklyn, county of Kings and State of New York, of the second part, witnesseth: That the said party of the first part for and in consideration of the sum of $2,000 lawful money of the United States of America, to him in hand paid by the said party of the second part,' etc. The habendum clause in said deed from Thomas Healey to Mary Fay is as follows: 'To have and to hold . . . unto the said party of the second part, her heirs and assigns to her and their own proper use, benefit and behoof forever.'

"On February 2, 1849, David Fay executed to George Foos a special warranty deed for the same land as that described in the deed from David Fay to Thomas Healey and from Thomas Healey to Mary Fay, wife of David Fay, the said deed being dated February 2, 1849, and reciting a consideration of $320, and recorded August 25, 1849, in the deed records of Harris County, Texas."

It is contended that the deed from David Fay to Thomas Healey and the deed from Healey to Mrs. Fay should be construed as a direct transfer from David Fay to his wife; and therefore it vested her with the title to said property in her separate right, when considered in connection with the granting and habendum clauses of the deed and the further facts that the deeds were executed in New York where the common law doctrine that a transfer from husband to wife was void prevailed; and that both deeds were executed on the same day, recite the same consideration, were attested by the same witnesses, acknowledged at the same time and before the same officer, and conveyed the same land, which was the separate property of David Fay; and that all of the parties to said deeds are dead and great time has since elapsed.

There was no proof showing what the law in New York was at the time the deeds were executed, and in the absence of such proof it will be presumed that the laws of that State were the same as the laws of Texas. (Temple v. Dodge, 89 Texas, 71; James v. James, 81 Texas, 381.) It is no doubt the law in Texas that a deed from the husband directly conveying land to the wife will be construed as vesting the title of the land so conveyed as her separate estate. It is also true that all property conveyed to either the husband or wife during the existence of the marriage relation will, in the absence of testimony showing the contrary, be presumed to be community property. We do not think the circumstances relied upon by plaintiff in error, above set out, sufficient to rebut that presumption, or to visit a subsequent purchaser with notice that the land was conveyed to Mrs. Fay as her separate property. But even should we grant that they were, we do not think the judgment in favor of defendant in error was erroneous for the following reasons. It appears from finding of facts above set out that David Fay on February 2, 1849, sold to George Foos the same land as that described in the deed from Thomas Healey to Mary Fay, the deed reciting a consideration of $320 and recorded August 25, 1849, in the deed records of Harris County; that David and Mary Fay died in 1849 intestate, the husband dying about two weeks before the death of the wife, and that they had no children as the fruit of their marriage, but that the wife, by a former husband, left two children, Helen M. Foos, wife of George Foos, and William Robinson. The latter died intestate without issue and before the death of Helen Foos, so that if the deed from David Fay to George Foos was not effective in passing title to the land to George Foos, the title finally vested in Helen Foos by descent. Helen Foos had four children, one being Mary Kin Kaid. The other children of Helen Foos died subsequently to their mother, without issue and intestate. Mary Kin Kaid died leaving only one child, George F. Kin Kaid, who brought this suit. It further appears from the court's findings that on March 28, 1851, George Foos exe-

cuted to his wife, Helen Foos, a power of attorney authorizing her to sell and convey "for such consideration as to my attorney shall seem most to my advantage, all and any tract or parcel of land situated and lying in the State of Texas, etc., and upon such sale a good and sufficient deed . . . make, deliver and acknowledge, and for me and in my name to receive the purchase money or other consideration which shall be coming to me on account of the said sale, and upon receipt thereof proper acquittances in my name to make, etc." On June 29, 1853, George Foos, by Helen Foos, his wife, acting under and by virtue of the power of attorney above referred to, conveyed to Henry Sheldon the ten tracts of land conveyed by David Fay to George Foos, including the land in controversy, in which she joined by signing the same. A recital in said deed is as follows: "This indenture made the 29th day of June, in the year of our Lord one thousand, eight hundred and fifty-three, between George Foos of the county of Harris, State of Texas (by Helen Foos, his attorney, by virtue of a letter or power of attorney duly made by said George Foos the 28th day of March, 1851, and recorded in the Harris County records of deeds, book 2, page 372), and Helen Foos, his wife, parties of the first part;" and the further recital, "Being the same tract or parcel of land which was conveyed by David Fay to the said George Foos by deed dated February 1, 1849, recorded in Harris County records of deeds, volume O, page 224." The acknowledgment to said deed was made by Helen Foos as attorney in fact for George Foos. In a separate acknowledgment by her, she stated "that she signed, sealed and delivered the annexed conveyance as her act and deed, as well as her own act and deed for said George Foos by virtue of a power of attorney in said conveyance mentioned." It was admitted that the defendant in error, Lee, had a clear chain of title from Henry Sheldon to the land in controversy.

At the time of the conveyance to Sheldon by Helen Foos for herself and as attorney for George Foos the title to said land was either in George Foos, by virtue of the conveyance to him by David Fay, or it was in Helen Foos by virtue of her inheritance. If in George Foos, the title passed to Sheldon by the sale and conveyance under the power of attorney, and if in Helen Foos, the title likewise passed by reason of her having joined in the conveyance.

Plaintiff in error earnestly contends, however, that inasmuch as the land was Helen Foos' separate estate, the power of attorney from Foos to his wife did not authorize her to sell and convey it because it is manifest from the instrument that it was his land and not her separate estate that she was authorized to sell; and that under the power of attorney she could not sell her separate estate and make a valid conveyance thereof without being joined by her husband. Granting that the land was the separate estate of Helen Foos, this contention is not without weight, and were it not for the decisions of our Supreme Court in O'Connor v. Vineyard, 91 Texas, 488, wherein it appears that this question is foreclosed, we might be inclined to hold this contention to be sound. In the case referred to, the sale was made by the wife to whom the husband had executed two powers of attorney, the first of which authorized the wife to sell lands in Refugio and Aransas Counties, and the second authorized her to sell all the husband's right,

title and interest in and to all property he had in the State of Texas. Under and by virtue of .these powers of attorney the wife conveyed land in Refugio which appears to have been her separate estate, the deed being signed by her in her own right and as attorney in fact for her husband. Under these facts our Supreme Court held that the effect of the deed was to convey all the right, title and interest of both the husband and wife whether the land was the separate property of either or was the community property of both.

There was no error in admitting in evidence over the objection of plaintiff in error the deed from David Fay to George Foos. The deed was offered from an abstract of title under an agreement between the parties that the same should be read with the same effect as a certified copy of the record might be read, after due filing and notice had been given, and an affidavit of the loss of the original had been filed. The objection to the introduction was that the certificate of acknowledgment was not sufficient to entitle the deed to registration. The certificate was irregular; but whether it was fatally defective under the law as it existed at the time the deed was recorded is not necessary for us to decide. In view of the proof which showed that the deed had been recorded for more than ten years and no claim adverse or inconsistent to the one evidenced by the instrument had been asserted during that time, the deed, or a certified copy thereof, was admissible regardless of whether the certificate was not in form or substance as required by the law of this State at the time of the recordation of the deed. Acts Thirtieth Legislature, 308.

The copy being admissible under the agreement, and having been introduced, the error in introducing in evidence the page of the deed record where the copy of the deed is to be found, in an effort to prove the execution of the deed by Fay to Foos by circumstantial evidence, without first making proof of the loss of the original and .that it could not be found after proper search, became immaterial and harmless.

The record appearing to be free from reversible errors, the judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused