## W. E. HOLLAND V. J. N. VOTAW ET AL.

### Decided June 30, 1910.

**1.—Deed—Acknowledgment of Married Woman.**

The certificate of acknowledgment to a deed by a married woman to her separate property in 1860, so far as it related to the wife, was as follows: "Also on the same day personally came (the wife) wife of (the husband) who, after understanding the said deed, and subscribing the same privily and apart from her said husband, declared the same to be her voluntary act and deed to (the grantee) and that she wished not to retract it." Held, fatally defective and not sufficient to pass the title of the married woman.

**2.—Same—Illegal Acknowledgment—Nullity.**

A deed by a married woman purporting to convey her separate estate, where there has been a failure on the part of the officer taking her acknowledgment to the deed to comply with the provisions of the statute on that subject, is not merely voidable, but absolutely void.

**3.—Same—Defective Certificate—Distinction.**

By the decisions in this State a distinction is clearly drawn between a defect in the officer's certificate and in the act of acknowledgment itself.

**4.—Same—No Estoppel.**

The fact that a married woman signed a deed to and received the purchase money for her separate property will not estop her or her heirs from setting

up the invalidity of the deed when it was not acknowledged in the manner prescribed by law.

**5.—Same—Void Deed—No Ratification.**

A void deed by a married woman can not be ratified by her; any act of alleged ratification must have the essential elements of a valid conveyance.

**6.—Same—Defective Acknowledgment—Act of 1907.**

The Act of 1907 (Gen. Laws, 1907, p. 308) was not intended to give validity to deeds of married women which had not been acknowledged as required by the statute; if said Act should be given such construction, as to such deeds, at least those executed prior to the enactment of the statute, it would be retroactive and in contravention of art. 1, sec. 16, of the Constitution.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*Lanier & Martin,* for appellant.—The Act of 1907, page 308, validated the acknowledgment of Mrs. Mary R. Carr to the deed made by her and her husband to Joseph Hebert in 1860. Downs v. Blunt, 170 Fed. Rep., 15.

Mrs. Carr nor her heirs not having repudiated the deed to Hebert and not having asserted any title to the land for over forty-two years, nor having paid any taxes thereon, or claimed same directly or indirectly, and having permitted appellant and those under whom he claims to pay all taxes on the land, recognizing the validity of the conveyance to Hebert and his grantees for such length of time, are estopped, as well as all those claiming under Mrs. Carr, from asserting any claim of title to the land in controversy, and the law presumes that their acts were consistent with honesty and fair dealing and that appellant has a good title. Grayson v. Lofland, 21 Texas Civ. App., 503; Fletcher v. Fuller, 120 U. S., 534; Herndon v. Burnett, 21 Texas Civ. App., 25-27, and authorities there cited; Joske v. Irvine, 91 Texas, 582-3; Brewer v. Cochran, 45 Texas Civ. App., 179; Arthur v. Ridge, 40 Texas Civ. App., 137.

*Greer & Minor,* for appellees.—That the deed in question is an absolute nullity and will not estop, see O. & W. Dig., art. 20; 2 Gammel's Laws of Texas, 608; arts. 4641, 1003, P. D.; arts. 635, 2967, 4618 and 4621, Rev. Stats.; Kopke v. Votaw, 95 S. W., 16; Berry v. Donley, 26 Texas, 737; Cross v. Everts, 28 Texas, 532; Groesbeck v. Bodman, 73 Texas, 292; Garner v. Black, 95 Texas, 130; Daniel v. Mason, 90 Texas, 244; Johnson v. Bryan, 62 Texas, 626; Fitzgerald v. Turner, 43 Texas, 79; Looney v. Adamson, 48 Texas, 621; Miller v. Texas & P. Ry. Co., 132 U. S., 690.

That the certificate to this particular deed was fatally defective, see, Kopke v. Votaw, 95 S. W., 16; Langton v. Marshall, 59 Texas, 296; Ruleman v. Pritcjett, 56 Texas, 482; Heintz v. O'Donnell, 17 Texas Civ. App., 21; Jones v. Robbins, 74 Texas, 619.

That the certificate was the conclusive evidence of the acknowledg-

ment that was actually taken, and could not be contradicted or corrected after four years over plaintiff's plea of four years limitation, see Norton v. Davis, 83 Texas, 36; Johnson v. Taylor, 60 Texas, 365; Kopke v. Votaw, 95 S. W., 16; Downs v. Peterson, 99 S. W., 751; Silcock v. Baker, 25 Texas Civ. App., 508; Heintz v. O'Donnell, 17 Texas Civ. App., 21.

That such instruments will not estop a married woman, her heirs and assigns, from claiming the land, as plaintiffs, even without an offer to restore, see Berry v. Donley, 26 Texas, 745; Johnson v. Bryan, 62 Texas, 626; Kopke v. Votaw, 95 S. W., 16; Daniel v. Mason, 90 Texas, 244; Silcock v. Baker, 25 Texas Civ. App., 508; Williams v. Ellingsworth, 75 Texas, 483; Stone v. Sledge, 24 S. W., 698, 32 S. W., 1060.

It is a fixed rule of property in the State of Texas, established by an unbroken line of decisions since the enactment of the first statute on the subject, February 3, 1841, that a deed of a married woman purporting to convey her separate real estate which is not acknowledged substantially as required by the statutes on the subject (including the statute of April 30, 1846, in force at the time Mary Carr made the deed in question to Hebert), is absolutely void, a nullity, and not merely voidable, and passes no estate or right whatsoever in the land; is not subject to ratification; and imposes no barrier whatsoever to the unrestricted ownership of a married woman and her subsequent assertion of title in any way whatsoever, including the disposition of the land, regardless of the length of time or extent of acquiescence or the appropriation by her of the proceeds. Therefore the Legislature could not, constitutionally, pass an Act that would relate back and not only divest the title of the heirs of Mary Carr, create title in, and pass title to Holland, the vendee under Hebert who hitherto had none, but also divest the hitherto existing title acquired under existing law out of Collins and his vendors who had, before the Act was passed, purchased for a valuable consideration, the land from the heirs, without then or at any time since or even now having notice of any fact that would, under the law as it existed when they bought, render the deed from Mary Carr other than what it appeared to be on its face, an absolute nullity. Constitution of Texas, art. 1, secs. 16 and 19; Klump v. Stanley, 52 Texas Civ. App., 239; Melinger v. City of Houston, 68 Texas, 45; DeCordova v. Galveston, 4 Texas, 479; Votaw v. Kopke, 98 S. W., 16; Berry v. Donley, 26 Texas, 737; Groesbeck v. Bodman, 73 Texas, 292; Garner v. Black, 95 Texas, 130; Miller v. Texas & P. Ry. Co., 132 U. S., 690; Daniel v. Mason, 90 Texas, 244.

REESE, ASSOCIATE JUSTICE.—As originally instituted this is an action in trespass to try title by J. N. Votaw, F. G. Morris, V. A. Collins and the Beaumont Improvement Company, against W. E. Holland, Lewis Johnson, Eli Bendy, Kinzie Johnson and Mrs. Eugene Rail, a femme sole, for the title and possession of a tract of land, a part of the James Drake survey, described in the petition, of which Votaw and

Collins are alleged to own an undivided one-fourth, the Beaumont Improvement Company an undivided one-fourth, and F. G. Morris an undivided one-half interest.

By order of the court there was a severance had, whereby the suit of plaintiffs as against W. E. Holland, who claimed title to two and one-half acres of the land, was severed, and in such severed cause an amended petition was filed alleging that the title of Votaw, Morris and the Beaumont Improvement Company had passed by regular conveyances to the plaintiff, V. A. Collins, who prosecutes the suit alone against W. E. Holland for the two and one-half acres aforesaid.

The cause was submitted to the court without a jury upon an agreed statement of facts, and upon such agreed statement judgment was rendered for plaintiff, from which judgment defendant W. E. Holland appeals.

The agreed statement of facts is as follows "The land in controversy is a part of the 375-acre tract described in plaintiff's petition, same being out of the James Drake survey, which survey was granted by the government to James Drake about July 19, 1835, and is situated in Jefferson County, Texas; that said 375 acres, of which the land in controversy is a part, prior to October 11, 1860, passed regularly by mesne conveyances into Mary R. Carr, wife of John Carr (she being then, and until her death, a married woman) and the same was her separate property on said date, when she and her husband, John Carr, made and signed an instrument in the form of a deed purporting to convey to Joseph Hebert said 375 acres, of which the land in controversy is a part, to which deed the certificate of acknowledgment reads as follows:

" 'The State of Texas, County of Jefferson:

" 'Before me, George W. O'Brien, clerk of the County Court for the county aforesaid, on this day personally appeared John Carr, to me known, and acknowledged the foregoing to be his act and deed, executed and delivered to Joseph Hebert for the consideration and purposes therein stated. Also on the same day personally came Mrs. Mary R. Carr, wife of the said John Carr, who, after understanding the said deed, and subscribing the same privily and apart from her said husband, declared the same to be her voluntary act and deed to Joseph Hebert, and that she wished not to retract it.

" 'To certify which I hereunto set my hand and seal of office this the 11th day of October, A. D. 1860.

" 'G. W. O'Brien,

(Seal)                        " 'Clerk of the County Court of

                                  " 'Jefferson County, Texas.'

"Said instrument was filed October 12, 1860, and actually recorded the same day in deed records of Jefferson County, Texas, and in the form of a deed of conveyance, and recited a consideration of $900 cash paid, the receipt of which is acknowledged in the instrument.

"2. It is admitted that Mary R. Carr never executed any deed or other form of conveyance of said 375 acres, of which the land in controversy is a part, other than said purported deed named above, and that she died prior to 1900, and whatever title she had to said land descended to her heirs, and that her said heirs never made any deed purporting to convey any part of said land prior to the time that they made the deeds to F. G. Morris and J. N. Votaw and V. A. Collins, hereinafter referred to.

"3. It is further admitted and agreed that whatever title to the land in controversy Mary R. Carr may have had at her death, or that may have descended to her heirs, has passed from her heirs by deeds unto the plaintiff, V. A. Collins, in this suit; he having purchased for a valuable consideration.

"4. It is admitted that a few months (some four or five) before the filing of suit, No. 3347, styled J. N. Votaw et al. v. L. J. Kopke et al., which suit was filed in the District Court of Jefferson County, Texas, on, towit, June 24, 1902, F. G. Morris purchased a quarter interest in said 375 acres, of which the land in controversy is a part, from the said heirs of Mary R. Carr; that while said suit was pending the Beaumont Improvement Company purchased (prior to August, 1905), the other half interest in said land; and while this suit was pending, towit, in July, 1905, the plaintiff, V. A. Collins, purchased the interest of the Beaumont Improvement Company and F. G. Morris in the land in controversy, each paying a valuable consideration, but with notice of the said adverse claim of the defendants under said deed to Joseph Hebert. Said suit No. 3347 was against a number of defendants, including the defendants in this suit, and involved title to said 375 acres, but has been disposed of only as to certain parts of said land other than the land in controversy and as to other defendants; and the suit from which this cause was severed was filed while said suit No. 3347 was still pending as to this defendant and others, involving the land claimed by them, in order to get a separate trial as to the issues between plaintiffs and said defendants herein named; and this cause has been severed so as to try the title to the land in controversy as against the only defendant claiming it adversely, W. E. Holland.

"It is further admitted that the vendees holding under said purported deed from Mary R. Carr and her husband, John Carr, of date October 11, 1860, to Joseph Hebert, actively asserted title to said land, conveying portions of same and paying taxes thereon, and that Mary R. Carr and her heirs did not pay taxes thereon, or actively or passively, or otherwise, assert claim thereto up to the time of said conveyance to F. G. Morris, J. N. Votaw and V. A. Collins, made shortly prior to the filing of said suit No. 3347, as above stated.

"The land in controversy in this case is a part of said 375 acres, situated in Jefferson County, Texas, being part of the James Drake H. R. survey, and a part of lot number 14, of Long & Co.'s subdivision: Beginning at a point 1028½ varas west of a stake, the S. E. corner of lot

No. 18, containing 4 acres, in the west line of the Collier's Ferry road, formerly sold to Alec Black, a 14-inch pine bears N. 59 degrees E. 6 varas, an 8-inch pin oak bears 4 degrees W. 5 varas, the same being the S. W. corner of lot No. 14, containing 10 acres, for the beginning corner; thence E. 215.6 feet to stake for corner, same being on the south line of lot No. 14; thence N. 505 feet, stake for corner; thence W. 215.6 feet, west line of No. 14, stake for corner; thence S. 505 feet on the west line of No. 14 to the place of beginning; containing two and a half acres of land, being the west one-half of that certain 5-acre tract of land conveyed to John Johnson by Elmo Willard on the 28th day of February, 1895.

"5. The defendant Holland claims the tract of land in controversy, as above indicated, under said deed of date October 11, 1860, from John and Mary R. Carr to Joseph Hebert, and whatever title, if any, passed by said deed to Joseph Hebert to the land in controversy, has passed regularly by mesne conveyances into him as to the said tract in controversy.

"6. Said purported deed from Mary R. and John Carr to Joseph Hebert of date October 11, 1860, was filed for record October 12, 1860, in the deed records of Jefferson County, Texas, in which county the land lies, and has been recorded from that date. From the date of record up to at least 1901, neither Mary R. Carr and John Carr, nor their heirs, nor any one, set up any claim adverse or inconsistent to that evidenced by such instruments under which defendants claim title. As stated, Mary R. Carr and John Carr both died prior to 1900, and they left children, their sole heirs, under whose deeds plaintiffs claim the land in controversy.

"The questions in this case are whether or not the said purported deed from Mary R. Carr and her husband, John Carr, to Joseph Hebert was void, or whether or not it has been by law, or otherwise, validated or rendered effective against plaintiffs, or whether or not said deed and the acts of the parties have in any way, or do in any way, preclude or estop Mary R. Carr and her heirs or their vendees."

The assignment of error and propositions thereunder present the questions stated at the conclusion of the foregoing statement.

We think that it is conclusively settled by the decisions of this State that a deed of a married woman conveying her separate estate, where there has been a failure to comply with the provisions of the statute by the officer in taking her acknowledgment to the deed, is not voidable merely, but void. This is accepted doctrine in this State, as shown by the unbroken current of authority, at least since the decision of the Supreme Court of the case of Berry v. Donley (26 Texas, 745). General expressions to the contrary in Womack v. Womack (8 Texas, 397), have not been followed in this State and were expressly repudiated, in so far as they might be applicable to this question, in Fitzgerald v. Turner (43 Texas, 85). It would be a work of supererogation to quote from the numerous opinions of our Supreme Court which clearly and

emphatically announce this doctrine; and although, especially in the earlier decisions of the court, instances. may be found where, speaking generally, the word "void" is used in the sense of "voidable," it is clear that this is not true as to those cases where such a deed as is here under discussion is pronounced void. The language in Berry v. Donley is "absolutely void" and it is very clear that the words were advisedly, and not loosely, used. The court quotes, with approval, from Perry v. Calhun's Lessee (8 Humph., 556), that such a deed is "a nullity" and . that there is no divestiture of title till such privy examination as is provided by statute is had. (Cross v. Everts, 28 Texas, 533; Smith v. Elliott, 39 Texas, 210; Whetstone v. Coffee, 48 Texas, 278; such conveyance "not voidable only but absolutely void," citing Berry v. Donley, *supra;* Langton v. Marshall, 59 Texas, 299; Looney v. Adamson, 48 Texas, 621; Johnson v. Bryan, 62 Texas, 625; Daniel v. Mason, 90 Texas, 244; Garner v. Black, 95 Texas, 130.)

In Johnson v. Taylor (60 Texas, 360), the distinction is clearly drawn between a defect in the officer's certificate and in the act of acknowledgment itself.

In Kopke v. Votaw (95 S. W., 16), the controversy arose over the same deed that is here in issue, and it was not only held that the certificate was defective, but that an action to correct it was barred by limitation, even if the pleadings authorized such relief, and the substantial effect of the holding is that the certificate being thus conclusive as to the official action of the officer who took the acknowledgment, the deed was void and passed no title. That is the case here. (Norton v. Davis, 83 Texas, 86; Taylor v. Johnson, *supra.*)

The deed being void, and there being nothing shown that would operate as an estoppel, except the fact of the signing of the deed and probably the receipt of the purchase money by Mrs. Carr, neither she nor her heirs, nor the grantees of her heirs, are estopped to set up the invalidity of the deed. (Berry·v. Donley, *supra;* Johnson v. Bryan, 62 Texas,. 626; Daniel v. Mason, 90 Texas, 244; Williams v. Ellingsworth, 75 Texas, 483.)

In Merriman v. Black, 57 Texas Civ. App., 270, it was held that a deed by a married woman· in which her husband did not join was a nullity, and as such could not be vitalized by a subsequent ratification merely, but that such act of ratification must have the essential elements of a valid conveyance. This doctrine is applicable here.

But it is contended by appellant that the deed of Mrs. Carr to Hebert, although defectively acknowledged, was validated by the Act of April 23, 1907, amending article 2312, Rev. Stats. (Acts Regular Session 30th Legislature, p. 308), and to sustain this contention appellant cites and relies upon the opinion of the Circuit Court of Appeals of the Fifth Circuit, in the case of Downs v. Blount (170 Fed. Rep., 15). The opinion in that case, which was by Circuit Judge Shelby, sustains appellant's contention. It is to be noted, that Judge McCormick dissents

from the conclusions of the majority, consisting of the other two judges of the court, and inasmuch as the opinion involves the construction of a Texas statute, in the light of the state of the law in Texas as settled by the decisions of this State, this dissent of Judge McCormick, for many years a distinguished Texas lawyer and judge, deprives the decision of much of its force as an authority in this case. The opinion in that case holds that the Act in question is applicable to deeds of married women defectively acknowledged, and that the application of the Act to such deeds executed prior to the passage of the Act, does not render it obnoxious to the provisions of article 1, section 16 of the Constitution, prohibiting the enactment of retroactive laws, nor to the "due process" clause of the Fourteenth Amendment of the Federal Constitution. In order to reach this conclusion the court held that by the deed to Blount from the heirs of the married woman (who had signed but failed properly to acknowledge a deed to the land in controversy), Blount did not acquire a vested right in the property, and, as essential to such conclusion, that such a deed is not void but voidable only. If we are correct in what we have said as to the character of such a deed, and that it is not voidable merely, but, as so often declared by our decisions, "absolutely void," the entire basis of the decision in Downs v. Blount is destroyed. The court says, "there can be no vested right to do wrong," which is a very catchy phrase, but liable to mislead when stated as a basis for holding that a vested right can not grow out of a moral wrong. The deed from the heirs of Mrs. Carr to Morris and others was executed some time prior to the passage of the Act of 1907. At that time all remedy to have the certificate corrected, given by article 4663, Rev. Stats., was barred by limitation (Norton v. Davis, 83 Texas, 37), and the certificate was the exclusive evidence as to the official action of the officer in taking the acknowledgment, as at common law. (2 Wigmore, sec. 1347, p. 1637.)

The deed of Mrs. Carr being void, the absolute indefeasible title passed to her heirs; in every respect a vested right; and this vested right passed by their deed to Morris, Votaw and others. This follows with absolute conclusiveness from the premise that the deed from Mrs. Carr to Hebert was void; as stated in the language of some of the decisions, "mere waste paper."

Neither argument nor citation of authority is necessary to support the proposition that if the Act of 1907 is so construed as to embrace within its provisions the deed from Mrs. Carr to Hebert, and thus destroy the title conveyed by the deed of her heirs to Morris, Votaw and others, the Act would be, as to such effect, retroactive and unconstitutional. (Sherwood v. Fleming, 25 Texas Supp., 428; De Cordova v. City of Galveston, 4 Texas, 479; Mellinger v. City of Houston, 68 Texas, 37; 1 Words and Phrases, title "Retrospective Law," synonymous with retroactive; Rairden v. Holden, 15 Ohio St., 207.)

In the case of Klump v. Stanley, 52 Texas Civ. App., 239 (113 S. W., 602), it was held by the Court of Civil Appeals of the Fourth Dis-

trict that, if construed as contended for by appellee, the Act of 1907 would be retroactive and therefore unconstitutional, but it was further held that the Act was not intended to apply to deeds of married women not acknowledged in accordance with the requirements of the statute. We are inclined also to agree with this latter conclusion. It is an accepted and settled rule of the construction of statutes that it will be presumed that the Legislature intends at all times to keep within its constitutional powers, and any construction of an Act which involves the exercise of powers forbidden by the Constitution will be avoided if the language of the Act is reasonably susceptible of such interpretation as conforms to the commands of that instrument. (Galveston, B. & C. Ry. Co. v. Gross, 47 Texas, 435.)

The article in question establishes a rule of evidence in providing that when instruments permitted or required to be recorded have been spread upon the records for ten years, and no claim asserted adverse to that conveyed by such instrument within that time, the original, or certified copies thereof, should be admissible in evidence without proof of execution, whether properly proven or acknowledged for record or not, and shall be given the same effect as evidence as if not so defective. The language of the Act shows that it is intended to deal with defective certificates of proof or acknowledgment. It is provided that "after such instrument shall have been actually recorded as herein provided for a period of ten years, it shall be no objection to the admission of the same or a certified copy thereof as evidence, that the certificate of the officer who took such proof or acknowledgment, is not, in form or substance, such as is required by the laws of the State, and said instrument shall be given the same·effect as if it were not so defective." The reference is made to the certificate of the officer as necessary to a proper record, which is dispensed with, but this does not mean to dispense with the performance of the semi-judicial function involved in taking the acknowledgment of a deed· by a married woman, which is an essential part of its execution, of which the certificate is only the evidence.

Our conclusion is that the Act in question was not intended to give validity to deeds of married women which had not been acknowledged as required by the statute; and further, that, if the Act be given such construction, as to such deeds, at least those executed prior to the enactment of the statute, it would be retroactive and in contravention of the provisions of article 1, sec. 16 of the Constitution.

Upon the basic proposition upon which the entire opinion in Downs v. Blount rests, the decision is in conflict with the settled doctrine in this State, which has become a rule of property, and, as it involves the construction of a local statute, it is the duty of this court to follow the decisions of the Supreme Court of this State, even as against the decision of the highest Federal tribunal. (Peck v. San Antonio, 51 Texas, 490.)

Our conclusion is that the trial court did not err in sustaining the title of appellee to the land in controversy.

There being no other error assigned the judgment is affirmed.

*Affirmed.*

Writ of error refused.