### SAVAGE et al. v. RHEA. *
#### No. 1194—5538.

Commission of Appeals of Texas, Section B.
Dec. 20, 1930.

See, also, 33 S.W.(2d) 433.

Kleberg & North, M. G. Eckhardt, Jr., and E. B. Ward, all of Corpus Christi, for plaintiffs in error.

Sidney P. Chandler, of Corpus Christi, for defendant in error.

RYAN, J.

This is a suit in trespass to try title and for damages by plaintiffs in error against defend-ant in error, filed in the district court of Nue-ces county, for the recovery of lot No. 8 in block No. 3, Brooklyn Heights addition to the city of Corpus Christi. In addition to the statutory allegations required in trespass to try title actions, plaintiffs below pleaded the statutes of limitation of three, five, ten, and twenty-five years.

The defendant, Rhea, plead not guilty and the statutes of limitation of three, five, ten, and twenty-five years.

Trial was had before the court without a jury, which resulted in a judgment that plain-tiffs take nothing by their suit against the defendant, Rhea, and that he recover his costs and execution therefor. This judgment was affirmed on appeal by the honorable Court of Civil Appeals for the Fourth Supreme Judicial District. Bechert v. Rhea, 19 S.W. (2d) 173.

The motion for rehearing in the Court of Civil Appeals alleges only two grounds of error, viz.:

(1) The Court of Civil Appeals erred in not sustaining appellants' first proposition as pre-sented in their brief. This first proposition asserts that the undisputed evidence conclu-sively shows that appellants and those under whom they claim have a superior title by vir-tue of actual, peaceable, continuous, and ad-verse possession of the premises in contro-versy under the ten-year statute of limitation.

(2) The Court of Civil Appeals erred in not sustaining appellants' second proposition as presented in this brief. This proposition as-serts that all the evidence conclusively shows that the plaintiffs have held peaceable, con-tinuous, and adverse possession under title or color of title from and under the sovereignty of the soil, of the premises in controversy, for more than three years prior to the commence-ment of this suit, and therefore have title to said premises by virtue of the three-year statute of limitation.

The Supreme Court will not review questions not presented to and preserved by motion for rehearing in the Court of Civil Appeals. Rule 1 for the Supreme Court: Knox v. McElroy, 103 Tex. 357, 127 S. W. 798; Collum v. Sanger, 98 Tex. 162, 82 S. W. 459, 83 S. W. 184; Reese v. Lee (Tex. Com. App.) 267 S. W. 671; Boykin v. S. W. Texas Oil & Gas Co. (Tex. Com. App.) 256 S. W. 581; Employ-ers' Casualty Co. v. Roland (Tex. Com. App.) 1 S.W.(2d) 568; Blackmon v. Trail (Tex. Com. App.) 12 S.W.(2d) 967.

We cannot therefore consider any grounds of alleged error other than the two above, al-though in the application for writ of error there are ten assignments with numerous propositions and references to bills of excep-tion in the transcript which we have been un-able to find. For instance, the first assign-

ment specified complains of the admission in evidence of the United States marshal's deed to N. Gussett, "as is shown in Bill of Exception No. 1." The second assignment complains of the admission in evidence of a writ of execution and return, out of the United States Circuit Court for the Eastern District of Texas, in suit styled, J. Temple Doswell v. William Ohler, "as is shown in Bill of Exception No. 2." The third assignment complains of the admission in evidence of a patent from the state of Texas to Levi Jones, assignee of Jose M. Borgas, "as is shown in Bill of Exception No. 4." The fourth assignment complains of the admission in evidence of a tax deed to the Corpus Christi City and Land Company, "as is shown in Bill of Exception No. 5." The fifth assignment complains of the admission in evidence of another tax deed to said Corpus Christi City and Land Company, "as is shown in Bill of Exception No. 6." The seventh assignment complains of the admission in evidence of the inventory and appraisement in the estate of Matilda Ohler, "as is shown in Bill of Exception No. 7."

We have diligently searched the transcript before us; it contains not a single bill of exception above referred to. Under these assignments are briefed propositions, statements, and arguments, alleging conflicts between the holding of the Court of Civil Appeals in this case on such questions of evidence and prior holdings of the Supreme Court and other Courts of Civil Appeals. The Supreme Court granted this writ of error, with the notation: "Granted on the alleged conflicts," evidently assuming from the recitals in the application that the questions were properly raised and were based upon a proper motion for rehearing in the Court of Civil Appeals.

The record does not support the application for writ of error in those respects, and, as those questions are not based on any exception properly reserved, we cannot consider them. 3 Tex. Jur. §§ 154, 157.

The remaining assignments in the application are as follows, viz.: No. 6 complains of the judgment in favor of C. M. Rhea on the ground that he failed to prove title in himself by limitation or by a superior, unbroken chain of record title: No. 10 complains of said judgment on the proposition that all the evidence shows the superior fee-simple record title to the premises in question in plaintiffs in error; No. 8 asserts the proposition that all the evidence conclusively shows that they have title by virtue of the statute of limitation of three years; and No. 9 complains of the trial court's third finding of fact that they do not have the record fee-simple title.

The trial court's second finding of fact, approved by the Court of Civil Appeals, is that the plaintiffs below (plaintiffs in error here) relied upon what is known as the Kinney title, and the defendant, Rhea, relied upon the Kinney title and what is called the Jones title.

The Kinney title originated in the grant of a ten league tract of land, called "Rincon del Oso," from the Governor of the state of Tamaulipas, dated November 16, 1831, to Enrique Villareal, who on July 16, 1842, conveyed one league thereof to H. L. Kinney; afterwards Kinney by deed dated November 24, 1847, acquired from Villareal's widow and heirs the remaining nine leagues. Title in Kinney was confirmed and divested out of Jose Maria Villareal by judgment of the district court of Nueces county on September 20, 1849, and was quitclaimed by said Villareal to Kinney's executors on June 3, 1873. In due course, this Kinney title passed by regular chain to Matilda Ohler by deed from J. W. Zacherie, dated April 26, 1866, conveying 1,500 acres of land in the El Rincon tract, north of Corpus Christi, Tex., in Nueces county. She executed deed to William Headen, dated May 13, 1868, to two certain lots, a part of the Rincon tract; this deed reads in part as follows: "Know all men by these presents, that I, Matilda Ohler, of the County of Nueces and State of Texas, for and in consideration of the sum of $250.00 to me in hand paid by William Headen * * * have granted, sold, aliened and conveyed and by these presents do grant, bargain, sell, alien and convey unto the said William Headen, all those lots, pieces or parcels of land lying and being in the town of Brooklyn * * * and adjoining the City of Corpus Christi * * * towit: Block No. 3, * * * also Water Block No. 3, in front of said Block No. 3. * * * And I, the said Matilda Ohler, for myself and my heirs, executors and administrators do hereby agree and covenant to warrant and forever defend all and singular the above described premises and property, unto the said William Headen and to his heirs and assigns, free from the claims of all persons whomsoever lawfully claiming or to claim the same or any part thereof, under, by or through me." It is signed "Matilda Ohler * * * (Seal)" and "Edward Ohler, by Matilda Ohler, his attorney in fact * * * (Seal)." The certificate of acknowledgment recites she "acknowledged that she had signed and executed the same in her capacity as agent and attorney in fact for Edward Ohler, her husband, and also in her own individual right for the consideration and purposes therein set forth."

It is contended by plaintiffs in error that the conveyance to Matilda Ohler from Zacherie vested title in the community estate of Matilda and her husband, and not in her separate estate, there being nothing in the record to show the contrary (Kin Kaid v. Lee, 54 Tex. Civ. App. 622, 119 S. W. 342), and therefore, the husband having executed such deed by an attorney in fact, the conveyance carried good title into Headen. It is claimed that said deed

is admissible in evidence under certain curative acts, on the authority of the case of Kin Kaid v. Lee, 54 Tex. Civ. App. 622, 119 S. W. 342. In that case the court refused to pass on the question of whether the acknowledgment certificate was fatally defective under the law as it existed at the time the deed was recorded, but admitted the deed in evidence by virtue of the Curative Act of 1907, 30th Leg. c. 165, p. 308. However, the same court in Holland v. Votaw, 62 Tex. Civ. App. 91, 130 S. W. 882, held that said act was ineffective to give validity to a recorded deed by a married woman which was void for want of proper acknowledgment. This holding was expressly approved by the Supreme Court in the same case. 103 Tex. 534, 131 S. W. 406.

■ Such acknowledgment cannot be corrected by statute when it was from its inception wholly void for failure to comply with statutory requirements. 1 Tex. Jur. §§ 102, 163.

■ No power of attorney from Edward Ohler to his wife was shown, but, if we assume that, after lapse of years, its execution will be presumed (Garner v. Lasker, 71 Tex. 435, 9 S. W. 332; Huling v. Moore [Tex. Civ. App.] 194 S. W. 188), the deed is nevertheless inoperative because he is not named as a grantor in the body of the deed which purports to be wholly the act of another, viz.: Matilda Ohler. It must appear from the body of the conveyance itself that Edward Ohler is a grantor therein. Stone v. Sledge, 87 Tex. 49, 26 S. W. 1068, 47 Am. St. Rep. 65; Creosoted Wood Block Paving Co. v. McKay (Tex. Civ. App.) 211 S. W. 822; Jackson v. Craigen, (Tex. Civ. App.) 167 S. W. 1101.

■■ On the other hand, if, as contended by defendant in error, the property in question was the separate estate of Matilda Ohler, the deed from her to Headen, being defectively acknowledged, is void. While an instrument that conveys land which is community property, or the separate property of the husband, need not be acknowledged by the wife, a conveyance of the wife's separate real property must be signed and acknowledged by her in accordance with the statute (Rev. St. 1925, art. 1299), which is exclusive, and a deed thereto not so acknowledged is ineffectual to pass title to her property. 1 Tex. Jur. §§ 115 to 117, 119.

■ However, the objection to a married woman's acknowledgment may not be raised by a stranger to the married woman's title, but only by the woman herself, her heirs or privies. Buvens v. Brown, 118 Tex. 551, 18 S.W.(2d) 1057.

■ The deed from Matilda Ohler to William Headen being void, the title passed to her heirs, in every respect a vested right, and this vested right passed by their conveyance to others, who are thus in privity with her (Holland v. Votaw, 62 Tex. Civ. App. 91, 130 S. W. 882, 885), and, under the doctrine of Buvens v. Brown, are in position to raise the objection.

■ The record shows that Matilda Ohler died, and by her last will and testament probated in Nueces county in December, 1869, devised to her husband, Edward Ohler, during his natural life, the homestead and block of lots on which it was situated and an allowance of $300 per annum, payable quarterly, for his support; all her other property she devised to her son, William Ohler, who was made sole independent executor; 1,500 acres of land, more or less, situated north of and adjoining the city of Corpus Christi, known as the Rincon, valued at $9,000, as her separate property is listed in the inventory and appraisement of the estate.

By warranty deed dated April 12, 1875, William Ohler and wife conveyed to the Corpus Christi City & Land Company the same land, containing 1,500 acres, more or less, known as "El Rincon" conveyed by J. W. Zacherie to Matilda Ohler by deed dated April 26, 1866, and devised by her to him, excepting block No. 7—the homestead of Edward Ohler, occupied by him. This deed recites the deeds in the chain of title from H. L. Kinney down to Matilda Ohler.

On the same day, Edward Ohler quitclaimed the same property to the same grantee, reserving and excepting therefrom the same block No. 7, his homestead, and reciting that it is the same "El Rincon" containing 1,500 acres, more or less, conveyed by J. W. Zacherie to grantor's deceased wife, Matilda Ohler.

It appears further that one J. Temple Doswell, claiming under the Jones title (hereinafter set out) on May 27, 1873, recovered judgment in the United States Circuit Court for the Eastern District of Texas against William Ohler, and another judgment against Edward Ohler, for that portion of "El Rincon" included in survey No. 21 patented to Levi Jones, assignee of Jose Maria Bargas. On April 12, 1875, both William and Edward Ohler renounced to the Corpus Christi City & Land Company their right of appeal from said judgments, and acknowledged the force and validity thereof as divesting all their interest in said lands. This instrument of renouncement further contains this recital: "We hereby for ourselves and our heirs, remise, release and forever assign and set over the same to the Corpus Christi City and Land Company and their successors, and we hereby irrevocably empower said company for us and in our names to appear for us in said cases, as aforesaid, and dismiss any appeal or writ of error, or any other proceeding that may be commenced or prosecuted by us or anyone representing us."

The title of defendant in error is deraigned from the Corpus Christi City & Land Company, and he is therefore in privity with Ma-

tilda Ohler, grantor in the deed to Headen, and, under the rule of Buvens v. Brown, is in position to raise the objection of defectively acknowledged deed in the conveyance to Headen.

William Headen, grantee in said defectively executed deed from Ohler, on December 30, 1871, by special warranty deed conveyed block No. 3, which includes the property in controversy to August Ricklefsen. Ricklefsen died, his widow (who died since the institution of this suit) married Ernest Bechert in 1877, and he died in 1920. Plaintiffs in error claim as heirs of August Ricklefsen and his wife, Anna Ricklefsen Bechert.

The Jones title originated in a patent from the state of Texas, dated April 10, 1849, to Levi Jones, assignee of Jose Maria Borgas, to one league of land, designated as survey No. 21, which includes the property involved in this litigation; the statement of facts shows by dotted lines laid over the Jones survey No. 21 the one league Kinney tract acquired by him from Villareal as surveyed by William O'Dougherty, surveyor, on January 4, 1842; this does not include the property involved herein, but lies wholly south of Hall's bayou. Levi Jones conveyed to J. Temple Doswell on October 2, 1849. By judgment of the United States Circuit Court for the Eastern District of Texas, rendered on February 7, 1873, Doswell recovered said survey No. 21 from the executors of H. L. Kinney's estate, and by decree of the same court rendered May 28, 1873, said executors and all persons claiming under said Henry L. Kinney were perpetually enjoined from setting up and asserting any claim to said survey No. 21. The Corpus Christi City & Land Company has title in direct chain from Doswell, and defendant in error acquired that title through mesne conveyances.

Therefore the trial court correctly found as a fact that defendant in error relied both upon the Kinney title and upon what is called the Jones title, and has a complete record chain of title through the Jones title into him, and that the plaintiffs in error do not have the record fee-simple title to the land involved.

The deed from Mrs. Ohler, for the reasons above stated, was void and properly attackable by the defendant in error; it is therefore not such color of title as will support limitation by possession for three years. Garner v. Black, 95 Tex. 125, 65 S. W. 876; Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S. W. 1139; Spikes-Nash Co. v. Manning (Tex. Civ. App.) 204 S. W. 374.

Whether or not plaintiffs in error had such peaceable and adverse possession as will support their claim of limitation under the ten-year statute is a question of fact, in so far as their character of possession, if any, is concerned. The trial court found against them on that point, and the Court of Civil Appeals affirmed that finding. There is evidence in the record of sufficient probative force to support such findings, and they are therefore conclusive upon this court. Findlay v. State of Texas, 113 Tex. 43, 250 S. W. 651; 3 Tex. Jur. §§ 772, 788.

We therefore recommend that the judgments of the Court of Civil Appeals and of the trial court be affirmed.

CURETON, C. J.

The judgment of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.