**PATEK et ux. v. SUPREME LODGE OF SLAVONIC BENEV. ORDER OF STATE OF TEXAS.**

**No. 7696.**

Court of Civil Appeals of Texas. Austin.

June 29, 1932.

Rehearing Denied July 30, 1932.

E. C. Overall, of Gonzales, for appellants.
Kacir & Kacir, of Temple, for appellee.

BAUGH, J.

■ Appellee, a corporation, plaintiff below, sued appellants upon a promissory note for $8,000 and for foreclosure of a deed of trust lien on 377 acres of land in Gonzales county, given to secure its payment. The original petition alleged execution of the note and deed of trust by James Patek, and that his wife, Bessie Patek, claimed some interest in the land, the nature of which was unknown to plaintiff. By amended petition, filed on May 18, 1931, plaintiff alleged that said note and deed of trust were executed by both James Patek and Bessie Patek; that same were executed on January 5, 1927, in renewal and extension of a note for $6,000 executed on June 5, 1923, to the Texas Farm Mortgage & Investment Company; by it transferred together with the lien securing its payment to the John Hancock Mutual Life Insurance Company; and by the latter, to appellee. That said note amounted on January 5, 1927, to the sum of $7,300, and that the balance of the $8,000 for which the note in suit was given was advanced in cash by appellee to James Patek. Defendants, appellants here, filed their first amended original answer on May 18, 1931 and their second amended original answer on May 19, 1931. On that date the defendant Bessie Patek, by her attorney, filed a motion for continuance. While it is stated in appellee's brief that the second amended answer was not on file when her motion for continuance, which was controverted by appellee, was filed, we find nothing in the record to show which was filed first; and since both were filed on the same day and prior to trial, we will assume that the court had both before it when the motion for continuance was overruled. The court entered judgment for the amount of the note against both the Pateks and for foreclosure of the deed of trust; hence this appeal.

■ The principal contention made here is that the trial court erred in overruling Mrs. Patek's motion for a continuance. We sustain the contention. Appellants alleged in their answers, among other things, material alterations in the note and deed of trust subsequent to their execution; that the land mortgaged was in part the separate estate of Mrs. Patek; that her acknowledgment to the deed of trust was not taken separate and apart from her husband; that the certificate of the notary to that effect was untrue and a fraud upon her; and that the agents of appellee knew at the time that said land was in part her separate property. While appellee contends that said motion for rehearing was not in compliance with the statute, we think it was substantially so. It was signed and sworn to by her attorney, but shows upon its face that Mrs. Patek, who lived 70 miles from Lagrange in another county, had intended to be present at the trial, but that due to sudden illness she was unable to do so, and that circumstances were such that it was impracticable for her to sign and swear to the motion in person. Under such circumstances it was competent for her attorney to make the required affidavit for her. Doll v. Mundine, 84 Tex. 315, 19 S. W. 394; Sullivan v. Bank, 37 Tex. Civ. App. 228, 83 S. W. 421.

■ The motion for continuance sets up in substance most of the facts alleged in the answers of defendants, above related; that such facts were particularly within her knowledge; that plaintiff's amended petition filed only the day before alleged new and different matters from those set up in its original petition constituting a surprise to her; that the original notes purchased by plaintiff from the John Hancock Mutual Life Insurance Company by plaintiff and by it extended were due at the time same were purchased; that it was too late, after notice of these matters and her attack of sickness, to have her deposition taken; and that because of her separate interest in the property and because a personal judgment was sought against her, she was entitled to be present in court in person, and, in addition to giving her testimony, was entitled to direct her defense. Attached to said motion was an affidavit of her physician of the fact of her illness and that she could not attend court.

■■ Under these circumstances we think the trial court erred in overruling her motion for continuance. Her motion was controverted, and appellee contends that her testimony was immaterial because the notary's certificate as to her separate acknowledgment was regular, and that it was incumbent upon her to show that appellee had notice that her acknowledgment was not regularly taken before she could so testify. Under articles 1298, 6605, 6608, R. S. 1925, unless she acknowledged such instrument privily as to her separate estate in the land, the instrument was void. Savage v. Rhea (Tex. Com. App.) 33 S.W.(2d) 429. Where, however, the notary's certificate of her acknowledgment is in compliance with the statute, she must show fraud, imposition, or that the grantee had

notice thereof. Ward v. Weaver (Tex. Com. App.) 34 S.W.(2d) 1093; Adkins-Polk Co. v. Rhodes (Tex. Com. App.) 24 S.W.(2d) 351. Regardless of the sufficiency of her pleadings, however, on this issue, we think she showed sufficient grounds for a continuance on first application on the other issues made. This, we think, is made evident by the fact that appellee took a personal judgment against Mrs. Patek for the debt sued upon. While appellee has filed a remittitur in this court as to that part of the judgment, the fact that such judgment was so taken clearly indicates that appellee recognized her separate interest in the property in suit, and sought to foreclose same and by an amended pleading filed only the day before the trial setting up a different liability against her from that pleaded in its original petition, and which it sought to litigate in her absence due to sickness.

The other questions raised will probably not arise upon another trial, and we deem it unnecessary to discuss them here. For the reasons stated the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.