## REESE v. LEE. (No. 969.) *

(Court of Civil Appeals of Texas. Beaumont.
•    Nov. 30, 1923. Rehearing Denied
Dec. 12, 1923.)

1. **Appeal and error** ⊜⟶1140(3)—**Judgment not in conformity with jury's verdict corrected by remittitur.**

Defendant cannot complain that a judgment is not in conformity with jury's verdict where plaintiff tenders a remittitur in court on appeal reducing the judgment to the amount found by the jury.

2. **Appeal and error** ⊜⟶909(1)—**Stock presumed to be of face value in absence of evidence to contrary.**

Where a patent right owned by plaintiff and defendant was sold by the latter, and defendant did not dispute, in plaintiff's action to recover one-half the value of the patent, that the stock received for the sale of the patent was worth its face value, in absence of anything to the contrary, the stock will be presumed on defendant's appeal to be worth face value.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Action by S. R. Lee against S. L. Reese. Judgment for plaintiff, and defendant appeals. Affirmed.

W. W. Ballen, of Corsicana, for appellant.
Upchurch, Upchurch & Harwell and Collicutt & Johnson, all of Corsicana; for appellee.

HIGHTOWER, C. J. This suit was filed in the district court of Navarro county by the appellee against the appellant to recover one-half of the value of a patent right for the manufacture of a certain terracing machine, which patent right appellee alleged was sold by appellant to the Corsicana Grader & Machine Company, a corporation. Appellee alleged, in substance that he and appellant about June 1, 1916, entered into an oral contract by the terms of which they agreed to manufacture and sell on the market a terracing machine and that they were to share equally as partners in the profits of such business. He further alleged that it was the understanding between himself and appellant that a patent on the machine should be applied for, and that he understood that the patent should be issued in the name of both himself and appellant, and that the patent, when issued to them should belong to them as partners. He further alleged that, after they had commenced operations under their partnership agreement, and were manufacturing and selling terracing machines, a patent was issued on the machine which they were manufacturing, but that, instead of it being issued to both appellant and appellee, it was issued in the name of appellant only, the date of the issuance of the patent being in November, 1917. He further alleged that he and appellant operated under their partnership agreement in the manufacture and sale of terracing machines for a period of approximately four years, during which time both parties lived up to their partnership agreement, and an equal division of such profits as were made in the business was had between them. He further alleged that about June 10, 1920, appellant, without his knowledge or consent, sold the patent rights on the machine to the Corsicana Grader & Machine Company, and received therefor $20,000 worth of that company's stock as a consideration for such patent rights, and that appellant, upon demand being made by appellee therefor, declined and refused to account to appellee for his one-half interest in the proceeds of such sale, and denied appellee's right to share in same. He prayed for judgment against appellant for $10,000, as representing his claimed one-half interest in the value of the patent rights.

Appellant answered by general demurrer and a special exception unnecessary here to further mention, and by general denial and plea of limitation of two years.

The case was tried with a jury, their verdict consisting of answers to special issues, all of which as submitted were found in favor of appellee, and judgment was rendered upon the verdict in favor of appellee for $5,000.

Some six or seven questions were propounded to the jury and all answered, but the only material disputed issue was as to whether there was an agreement between the partners that appellee was to have a half interest in the patent that was to be issued. The jury found that, under the agreement of partnership, appellee was to have a half interest in the patent that was to be issued, and this finding, as well as all others made by the jury is vigorously assailed by appellant as being without support in the evi-

dence. We have given appellant's contention on this point full consideration, and have gone through the entire statement of facts in that connection and have reached the conclusion that we cannot hold that the jury's finding on this point is so wholly without support in the evidence as to authorize this court to set it aside. It is true the evidence on the point is not as clear and satisfactory as it might be; but taking the evidence as a whole, we have concluded that we would not be authorized to disturb the finding of the jury on this point and therefore overrule appellant's contention on the point.

[1] Another contention made by appellant is that the judgment in the case is not in conformity to the jury's verdict, and therefore cannot stand. One of the questions submitted to the jury called for their answer as to what amount of stock, measured in money, appellant received for the patent rights at the time he made sale of the same to the Corsicana Grader & Machine Company, and the jury's answer was $20,000. As we have already shown, judgment was entered in favor of appellee for $5,000. That came about in this way: In his supplemental motion for new trial in the court below, appellant showed that he had received, in fact, only $10,000 worth of the stock of the Corsicana Grader & Machine Company for the sale of the patent rights and not $20,000 worth of stock, as found by the jury, and he further alleged, in his motion, that he paid $5,000 of this to a promoter for bringing about the sale of the patent to the corporation, and for his services in behalf of the corporation, and he also contended, in his motion, that he gave $500 of the proceeds of the patent rights to a foreman in the corporation, and contended, therefore, that he only received $4,500 worth of the corporation's stock for the sale of the patent. Thereupon, as reflected by the affidavit of the trial judge, appellee's counsel offered to enter a remittitur of $5,000, but this was made orally, and there is no evidence in the record, other than the affidavit of the trial judge, to this effect. In this court, however, counsel for appellee again tendered a remittitur of $5,000, if necessary, of the jury's verdict, so that the judgment might stand as entered for $5,000. We doubt whether we would be authorized to consider the affidavit of the trial judge in this case, and do not decide the point, but we see no reason why the remittitur tendered in this court by appellee as to the amount found by the jury might not be accepted here and the judgment stand for $5,000, as entered. It seems to us that it is not a matter of which the appellant can complain, and his contention on that point is also overruled.

[2] There is a further contention made by appellant, which is, in substance, that there was no evidence introduced showing the value of the stock which he received for the sale of the patent. Appellant was upon the stand in this case as a witness, and testified at much length, but he nowhere denied that the stock received by him for the sale of the patent was worth less than its face value, and the presumption should be indulged in this connection, in the absence of anything to the contrary, that the stock was worth its face value.

What we have said, in effect, disposes of all the material issues on this appeal, and the judgment is affirmed.