writ is necessary and authorized in order to enforce the jurisdiction of the Supreme Court in such case. Warren v. Willson, 108 Tex. 263, 192 S. W. 529; McCurdy & Daniels v. Conner, 95 Tex. 246, 66 S. W. 664. ·

In the case of State v. Fisher, 94 Tex. 491, 62 S. W. 540, in which one of the judges of the Court of Civil Appeals dissented, the Supreme Court held that a mandamus will not lie to compel a Court of Civil Appeals to certify a dissent, where a writ of error could be sued out, and the judgment, if erroneous, could be corrected by the Supreme Court. There was a plain remedy without recourse to mandamus. In that case this court said:

"Whether or not it is the duty of the court to certify the point of dissent we do not find it necessary to decide. For the purposes of this opinion it may be conceded that it is. The writ of mandamus will not be issued where the party complaining has another plain, adequate, and complete remedy by due course of law. State v. Morris, 86 Tex. 226, and cases cited; Ark. B. & L. Ass'n v. Madden, 91 Tex. 461."

· Relator having the right to be heard on application for writ of error, the motion for leave to file a petition for mandamus is denied.

---

**REESE v. LEE.    (No. 608–4098.)**

(Commission of Appeals of Texas, Section A. Jan. 14, 1925.)

**1. Appeal and error ⬉1082(2)—Supreme Court not authorized to consider inconsistency of judgment and verdict not presented on motion for rehearing in Court of Civil Appeals.**

Objection that judgment failed to conform to verdict was not raised on motion for rehearing in Court of Civil Appeals by assignment of error that court erred in holding verdict and judgment supported by evidence, and hence, under Supreme Court rule No. 1, subd. (c), cannot be reviewed by Supreme Court.

**2. Appeal and error ⬉301, 1082(2)—Supreme Court not authorized to consider insufficiency of evidence not raised by motion for new trial and not objected to on rehearing in Court of Civil Appeals.**

Where objection, that there was no evidence of market value of stock for which plaintiff was awarded damages, was not presented in motion for new trial, and not urged on motion for rehearing in Court of Civil Appeals, the Supreme Court under rule No. 1, subd. (c), is not authorized to consider it.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by S. R. Lee against S. L. Reese. Judgment for plaintiff was affirmed by the Court of Civil Appeals (256 S. W. 326), and defendant brings error. Affirmed.

W. W. Ballew and Richard Mays, both of Corsicana, for plaintiff in error.

J. S. Simkins, Wynne R. Howell, Fred Upchurch, and J. S. Callicutt, all of Corsicana, for defendant in error.

GERMAN, P. J. Defendant in error Lee sued plaintiff in error Reese in the district court of Navarro county, Tex., to recover one-half the value of a patent right covering a certain grader or terracing machine. Lee claimed that he and Reese jointly owned the patent right and were partners in the enterprise of manufacturing and selling the machines. He also alleged that about June 10, 1920, Reese, without the authority or consent of defendant in error, sold the patent right to the Corsicana Grader & Machine Company, a corporation, receiving therefor $20,000 of the capital stock of· said corporation. He prayed for a judgment for $10,000 as representing his one-half interest in the patent right.

In response to special issues the jury found that the parties were partners in the business of manufacturing and selling the terracing machines, and that Lee was to have a one-half interest in all rights relating to the machine or grader when patented. The jury also found that Reese was given $20,000 of stock in the Corsicana Grader & Machine Company for the patent, and that Lee was entitled, under the agreement between the parties, to a one-half interest in this stock. The judgment of the court recites that the jury "returned into open court a verdict giving judgment to the plaintiff in the sum of $10,000," but judgment was rendered only for the sum of $5,000, and an injunction was granted restraining a sale of the stock until the judgment was satisfied.

Motion for new trial in the district court contained several specifications of error, but all of them relate to two propositions: First, that findings with reference to a partnership between the parties were contrary to, and not supported by, the evidence; second, that the finding that Reese received $20,000 stock in the Corsicana Grader & Machine Company for the patent was contrary to the evidence, because, in fact, Reese received only $10,000 of such stock, one-half of which he gave to Cal E. Kerr for making sale of the patent and $500 of which was given to the foreman of the shop as consideration for services.

Complaint is nowhere made in the motion for new trial that the court erred in rendering judgment for $5,000 on the ground that one-half of the amount of stock was not worth that sum on the market, but the burden of the complaint is that as Reese received only $4,500 net of the stock, judgment should have been for only $2,245 of the stock.

In the Court of Civil Appeals plaintiff in error relied upon 7 points or propositions.

---

·⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Six of these are to the effect that the findings made by the jury are not supported by the evidence. The seventh point complains of the judgment because it was not in conformity to the findings made by the jury, it being the contention that according to the jury's finding Lee was entitled to a half interest in $20,-000 of stock, while the judgment was for the sum of $5,000 in money; and there was no evidence as to the market value of the stock.

The Court of Civil Appeals affirmed the judgment of the trial court. 256 S. W. 326. That court held that the evidence was sufficient to sustain the findings made by the jury on the issue of partnership. We have examined the statement of facts and conclude that the Court of Civil Appeals was correct in this holding.

As to the seventh point the Court of Civil Appeals held that under all the circumstances of the case it would be presumed that the value of the stock was par, there being no evidence to the contrary. By affidavits filed in that court it was shown that when it was called to the attention of the trial court that Reese in fact received only $10,000 of the corporation's stock, instead of $20,000 of stock, before judgment was entered, a remittitur of $5,000 was orally made, and judgment was entered for one-half of $10,000 instead of one-half of $20,000. The Court of Civil Appeals sustained this action of the trial court, because the remittitur of $5,000 was tendered in that court and accepted by it.

In motion for rehearing in the Court of Civil Appeals plaintiff in error presented but one ground, which was in the following language:

"The court erred in holding that the verdict of the jury and the judgment of the court rendered thereupon was supported by the evidence."

[1, 2] It is evident that this assignment of error related to the action of the Court of Civil Appeals in disposing of the first 6 points relied upon by appellant Reese in that court. It is followed by a statement of the facts and argument, practically all of which is devoted to a review of the evidence on the questions of partnership. By the most liberal interpretation it cannot be held to have application to the seventh point, which was to the effect that the judgment did not conform to the findings made by the jury. As indicated above, the proposition that there was no evidence of market value of the stock was not presented in motion for new trial in the district court.

Subdivision (c) of Supreme Court rule No. 1 is as follows:

"The decision or ruling sought to be reviewed must have been assigned as error in the motion for new trial in the trial court if such motion was made or required by law to be made, and such error must have been assigned and presented in the Court of Civil Appeals and in a motion for rehearing in the latter court. If the decision or ruling sought to be reviewed originated in the Court of Civil Appeals, it must have been presented in the motion for rehearing in that court. The application shall state that the particular decision or ruling was assigned as error in the motion for rehearing in the Court of Civil Appeals."

If the contention made by plaintiff in error in petition for writ of error to the effect that the judgment failed to conform to the verdict of the jury had been presented in the motion for rehearing in the Court of Civil Appeals, and if the contention that there was no evidence as to market value of the stock had been presented in motion for new trial and in motion for rehearing in the Court of Civil Appeals, these would present questions of considerable importance. But, in view of the specific requirements of rule No. 1 quoted above, we do not think the Supreme Court is authorized to pass upon these questions. Boykin v. Southwest Texas Oil & Gas Co. (Tex. Com. App.) 256 S. W. 581.

The Supreme Court is extremely liberal in granting relief where there has been even a substantial compliance with the rules, and it is apparent that wrong or injustice has been done, but this case does not present such equities as would authorize us to ignore the plain requirements of the rule referred to, in the face of objections made by defendant in error. In this instance to ignore the rule would be in effect to abolish it.

It follows from what we have said that the judgment of the Court of Civil Appeals and of the district court should be affirmed, and we so recommend.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.